(No. 2778.   April 5, 1923.)

STATE v. CHITWOOD et al.

### SYLLABUS BY THE COURT

Under section 1501, Code 1915, the having in possession for immoral purposes of a girl of the prescribed age, and who is under the care of her parents, relations, or guardian, constitutes a crime.

Appeal from District Court, Roosevelt County, Bratton, Judge.

Arvel Chitwood and others were convicted of the unlawful possession of a female minor under the care of parents, relations, or guardian, for evil purposes, and they appeal. Affirmed.

George L. Reese, of Portales, for appellants.

H. S. Bowman, Atty. Gen., for the State.

### OPINION OF THE COURT

PARKER, C. J.   The appellants were indicted under the provisions of section 1501, Code 1915, which is as follows:

"Any person or persons who shall entice away and seduce or carry off any woman, who may be a minor under the care of her parents, relations or guardian; such persons who shall do so, or shall have them in their posession for evil purposes, upon complaint of any person, shall be fined in any sum not exceeding one hundred dollars, nor less than eighty, or with imprisonment for any term not exceeding one year, nor less than eight months."

They are charged in the indictment in the following language:

"That (the appellants) on ———— at the county of Roosevelt in the state of New Mexico, one ————, then and there being a female minor, to wit, under the age of eighteen years, under the care of her relation, Alice Smith, grandmother, and R. O. Smith, stepgrandfather, in said county of Roosevelt in the state of New Mexico, one————, then and there, posession for evil purposes to wit, for the purpose of unlawful sexual intercourse; contrary to the form of the statute," etc.

The appellants demurred to the indictment and, after verdict, moved in arrest of judgment. Both demurrer and motion in arrest were overruled by the court. From the judgment and sentence on the verdict, appellants have appealed.

There is but one point prescribed in the case, and that involves a proper interpretation of the section of the statute above quoted. It will be observed that the indictment charges the appellants with having the girl in their posession for evil purposes, and does not allege any enticing away, or carrying off of the girl. The argument is put forward that this section of the statute is in fact an abduction statute, and that a proper interpretation of it requires that, in order to sustain a prosecution, there must be an enticing away

or carrying off of the female. A careful examination of the section will disclose that, in taking this position, counsel for appellants is in error. Two separate crimes are charged in the section. One is the enticing away and seducing of a girl, or the carrying off of the girl, and the other is the having of the girl in the possession of the man for evil purposes. Of course, in each instance, under this section, the girl must have been under the care of her parents, relations, or guardian before the man can be guilty of the offense. It is perfectly plain from the terms of the section that a man who has in his posession a minor girl for evil purposes is guilty, whether she has been enticed away, or carried off by him or not. The section was so treated in State v. Chenault, 20 N. M. 181, 147 Pac. 283, in which case the indictment was in the exact form present in this case. While in that case the attack upon the indictment was more particularly directed against what was considered to be the uncertainty in the statute, nevertheless it successfully passed the scrutiny of the court in that case.

It follows from the foregoing that the judgment of the district court was correct, and should be affirmed, and it is so ordered.

BOTTS, J., concurs.

BRATTON, J., having tried the case below did not participate in this decision.