State v. Martin, 28 N. M. 489

## STATE v. MARTIN.

### (No. 2784.    April 5, 1923.)

#### SYLLABUS BY THE COURT

(1) Evidence examined and found to be sufficient to support a conviction for having a girl in possession for immoral purposes, as prohibited by section 1501, Code 1915.
P. 490

(2) Under section 1501, Code 1915, the having in possession for immoral purposes of a girl of the prescribed age, and who is under the care of her parents, relations, or guardian, constitutes a crime.          P. 491

Appeal from District Court, Roosevelt County; Bratton, Judge.

Ithra Martin was convicted of the unlawful possession of a female minor under the care of her parents, relations, or guardian, for evil purposes, and he appeals.    Affiirmed.

Geo. L. Reese, of Portales, for appellant.

H. L. Bowman, Atty. Gen., for the State.

#### OPINION OF THE COURT

PARKER, C. J.    The appellant was indicted under section 1501, Code 1915, which is as follows:

"Any person or persons who shall entice away and seduce or carry off any woman, who may be a minor under the care of her parents, relations or guardian; such persons who shall do so, or shall have them in their possession for evil pur-

'poses, upon complaint of any person, shall be fined in any sum not exceeding one hundred dollars, nor less than eighty, or with imprisonment for any term not exceeding one year, nor less than eight months."

It was charged in the indictment that he did "unlawfully and feloniously have in his posession for evil purposes, to wit, for the purpose of unlawful sexual intercourse," the girl named in the indictment, and that she was then and there a female under the age of 15 years, under the care of her parents. At the close of the testimony for the state, counsel for appellant moved the court for an instructed verdict upon the ground that there was no substantial evidence in the record warranting a conviction, and that the state had failed to make out its case, inasmuch as the prosecutix was not corroborated in any material matter in the case. This motion was denied. The trial resulted in a conviction, and from the judgment and sentence upon the verdict appellant has appealed.

[1] Counsel for appellant argues that there is no corroboration of the testimony of the prosecutix and that therefore this case falls within the principles discussed in State v. Armijo, 25 N. M. 666, 187 Pac. 553, and State v. Ellison, 19 N. M. 426, 144 Pac. 10. Even assuming that corroboration is necessary in this class of cases, which we do not decide, an examination of the testimony discloses that, in taking this position, counsel is in error. The mother of the prosecutrix testified that, upon the return of the girl to their home, she was excited and had been crying and looked like she had been frightened. The mother did not talk with the girl until the next morning, although she asked the girl what was the matter immediately upon her coming into the room. She testified that the girl was wearing bloomers, and that the cloth was practically new and that the elastic in one of the legs had been ripped apart, leaving the bloomer leg loose. She testified that the morning following the occurence her daughter told her the circumstances of the occurrence. These circumstances were sufficient to corroborate the

girl, even in case the prosecution had been for the more serious offense of rape, within the doctrine of the two cases above cited. There is nothing, therefore, in the first point presented by counsel.

[2] Counsel for appellant put forward the same contention which was presented in State v. Chitwood et al., 28 N. M. 484, 214 Pac. 575, just now decided, to the effect that the indictment fails to charge a crime, in that it fails to charge the enticing or carrying away of the girl by appellant, but merely charges the having of her in his posession. In the Chitwood Case, there is a sufficient discussion of this point, and repetition here will be unnecessary.

We wish to suggest that the facts in this case show that the appellant, when conveying the girl from town to her home, stopped the car on the road, made an indecent proposal to the girl, and attempted to obtain her consent to sexual intercourse by pursuasion and by taking liberties with her person. Whether this constituted having the girl ''in his possession for evil purposes,'' within the contemplation of this statute, is not questioned by counsel for appellant and, consequently, we have not considered it.

It follows from the foregoing that the judgment of the court below is correct, and should be affirmed, and it is so ordered.

BOTTS, J., concurs.

BRATTON, J., having tried the case below, did not participate in this decision.