363 P.2d 1036

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**C. B. GREEN, Defendant-Appellant.**

No. 6832.

Supreme Court of New Mexico.

July 25, 1961.

Emmett C. Hart, Eugene E. Brockman, Tucumcari, Royse & Meacham, Elk City, Okl., for appellant.

Hilton A. Dickson, Jr., Atty. Gen., Norman S. Thayer, Jr., Mark C. Reno, Asst. Attys. Gen., for appellee.

MOISE, Justice.

Defendant-appellant was tried and convicted by the court without a jury on the charge of having "Joyce Green McCormick, a female minor, in his possession for evil purposes, to-wit, sexual intercourse, the said Joyce Green McCormick being then under the care of her mother, Mrs. Thelma Green * * *."

The statute allegedly violated is § 40–39–9, N.M.S.A. 1953, which reads as follows:

"Any person or persons who shall entice away and seduce or carry off any woman, who may be a minor under

the care of her parents, relations or guardian; such persons who shall so do, or shall have them in their possession for evil purposes, upon complaint of any person, shall be fined in any sum not exceeding one hundred dollars [$100], nor less than eighty [$80.00], or with imprisonment for any term not exceeding one [1] year, nor less than eight [8] months."

The appellant argues three points relied on for reversal. However, it will only be necessary for us to consider one of these points to dispose of the case.

Joyce Green McCormick was the natural daughter of Thelma Green, the wife of appellant. Thelma Green had married appellant when Joyce was about two years old. In December, 1959, when the offense charged was supposed to have occurred she was four months short of being twenty-one years old. In 1957 when Joyce was eighteen years old she had been legally adopted by appellant in Oklahoma where they lived. Joyce had had an illegitimate child and had thereafter been married and divorced.

In December, 1959, in order that Joyce might be placed in school in a new environment, and because appellant was not well, the two of them came to Tucumcari where appellant had a sister-in-law teaching school. Appellant rented a furnished apartment with two bedrooms and he and Joyce moved in and lived there about two weeks. Joyce entered school, and appellant, be-

cause of his health, spent most of his time at the rented house. Their coming to Tucumcari had been by agreement between them, Thelma Green, appellant's wife and Joyce's mother, and their family doctor. It was contemplated that after Christmas Mrs. Green and the rest of the family would follow. As a matter of fact, on or about December 18, 1959, appellant and Joyce returned to Oklahoma, and about January 4, 1960, Joyce and her mother and the other children in the family returned to Tucumcari while appellant stayed in Oklahoma. He came to Tucumcari only occasionally on weekends to see the family. In February, 1960, Joyce ran away from home taking certain property, and upon appellant being advised of this fact by his wife, he joined with her in swearing out a complaint for larceny against Joyce. After she was arrested on this charge she made complaint to the sheriff out of which these charges arose.

We consider only if appellant can be held guilty of the charge made under the proof in this case.

In the case of State v. Chitwood, 28 N.M. 484, 214 P. 575, the statute here involved was considered. It was there determined that two different crimes were included in the section, viz., enticing away and seducing or carrying away a female minor is an offense and having a female minor in one's possession for evil purposes

is a second offense. In addition, it is clear from this case that, "the girl must have been under the care of her parents, relations, or guardian before the man can be guilty of the offense."

In the instant situation we have a prosecuting witness who is under lawful care and custody of her adoptive father, who is in turn charged and convicted of having her in his possession for evil purposes.

As we read the statute the "person or persons" who may be guilty of having a minor in their possession for evil purposes must be some one different and other than the parent, relation or guardian under whose care she must have been. Otherwise, any parent alone with his child is subject to being accused under the statute. How could a step-father or adoptive, or for that matter a natural father be safe from such a charge when on occasions his wife or other members of the family are away from the family residence and he is alone with a teen-aged or fully matured minor daughter? We do not think this section of the law was ever intended to cover such a situation.

In the instant case Joyce, the prosecuting witness, was in the lawful care of the appellant, her adoptive father. The State concedes the custody was with the mother and appellant. This court has recognized that prima facie parents have the legal right to the custody of their minor children. Hill v. Patton, 43 N.M. 21, 85 P.2d 75. The adoptive decree set forth in the record of this proceeding provided that "the exclusive custody, care, nurture and education" of the adopted child was vested in appellant and his wife. Aside from any variance between the allegation of the complaint that Joyce was in the care of her mother, Mrs. Thelma Green, and the proof she was with her adoptive father with the consent of her mother, about which no complaint is made on this appeal, we hold that "person or persons" referred to in the statute must be "person or persons" other than the "parents, relations or guardian" under whose care the minor was at the time of the occurrences about which complaint is made.

From the foregoing it follows that the judgment appealed from should be reversed and the cause remanded with instructions to discharge appellant.

It is so ordered.

CARMODY and NOBLE, JJ., concur.

COMPTON, C. J., and CHAVEZ, J., not participating.