2008-NMCA-147

194 P.3d 738

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Paul PEREA, Defendant–Appellant.**

**No. 26,617.**

Court of Appeals of New Mexico.

July 29, 2008.

Certiorari Denied, No. 31,276,
Sept. 4, 2008.

Gary K. King, Attorney General, M. Anne Kelly, Assistant Attorney General, Albuquerque, NM, for Appellee.

John Bigelow, Chief Public Defender, Kathleen T. Baldridge, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

KENNEDY, Judge.

{1} Defendant Paul Perea appeals his convictions of third degree criminal sexual penetration (CSP III) by use of force, contrary to NMSA 1978, § 30–9–11 (2003) (amended 2007), and enticement of a child, contrary to NMSA 1978, § 30–9–1 (1963). Defendant argues on appeal that the evidence only supports a conviction for CSP IV (criminal sexual penetration of a child between thirteen and sixteen years of age) and attacks the sufficiency of the evidence on an essential element of the child enticement charge. We affirm Defendant's convictions.

## FACTS

{2} The victim in this case, A.S., was eleven or twelve years old at the time she met Defendant through her mother. Mother and Defendant attended classes together, became friends, and visited at each other's houses on occasion, sometimes in the presence of both A.S. and her younger brother.

{3} During Christmas of 2004, A.S. received a cell phone as a gift from her father and from Mother for the purpose of keeping in contact. When A.S.'s first cell phone bill arrived in February, Mother contacted her former husband to inform him that the twenty dollar phone plan had somehow turned into a bill of nearly $600. However, when Mother noticed Defendant's number listed on the bill many times, her focus quickly changed from the amount of the bill to why Defendant was communicating with her daughter. When she confronted her daughter, A.S. broke down and told Mother about the incidents that finally led to Defendant's being charged with CSP and child enticement. We discuss the facts with regard to the criminal offenses below.

## STANDARD OF REVIEW

{4} Defendant attacks the sufficiency of evidence to support his convictions. A review for sufficiency of the evidence is a two-step process. *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994). Initially, we view the evidence in the light most favorable to the verdict, resolving all conflicts and indulging all reasonable inferences in favor of the verdict. *Id.* at 765–66, 887 P.2d at 759–60. Then we must make a legal determination of whether the evidence viewed in this manner could justify a finding by a rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt. *Id.* at 766, 887 P.2d at 760. We do not weigh the evidence or substitute our judgment for that of the fact finder. *State v. Coffin*, 1999–NMSC–038, ¶ 73, 128 N.M. 192, 991 P.2d 477; *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988).

{5} We review the record to determine if substantial evidence of either a direct or circumstantial nature existed such that a rational jury could have found proof beyond a reasonable doubt with respect to each element of the charged offense. *State v. Ungarten*, 115 N.M. 607, 609, 856 P.2d 569, 571 (Ct.App.1993). "This Court does not consider the merit of evidence that may have supported a verdict to the contrary." *State v. Montoya*, 2005–NMCA–078, ¶ 3, 137 N.M. 713, 114 P.3d 393 (internal quotation marks and citation omitted).

## DISCUSSION

{6} Defendant was convicted of one count of CSP III and one count of enticement of a child. In order to convict Defendant of CSP

III through the use of force, the jury was required to find that Defendant caused the victim to engage in sexual intercourse and that he used physical force or coercion. Section 30–9–11(E). Defendant contends that there was not sufficient evidence of the use of force. In support of this argument, he points out that there was no testimony or physical evidence to suggest that he used force or coercion to penetrate the victim. Defendant essentially argues that although he exercised poor judgment in having sexual intercourse with A.S., there was not sufficient evidence to prove beyond a reasonable doubt that physical force or coercion was used. Likewise, he suggests that he should have been convicted of CSP IV. We disagree.

## Use of Force in Criminal Sexual Penetration

{7} On January 7, 2005, the day the first incident of CSP allegedly took place, A.S. was dropped off at her bus stop at 2:30 p.m. When she got off the bus, she noticed Defendant in his car. She went over to talk with him and got into the car willingly because Defendant had become somewhat of a father figure to her. Once in the car, Defendant drove on a dirt road to a remote mesa location where he began kissing her. He had tried to kiss her before, and she had backed away. He then asked if she was "ready" and said "I think you are" as he began unbuttoning her pants. She told him that she was not ready and that she did not want to have sex, but he did not respond. He continued to unbutton her pants and then pulled them down. She did not resist because she was scared. He then took his pants off. He went to her side of the car and reclined her seat. He told her to open her legs; she complied. He informed her that it might hurt because he had a piercing in the shape of a bar bell through the head of his penis. He pushed her legs further apart with his leg and penetrated her. A.S. testified that it hurt. She told him that she wanted to stop, but he did not stop. Defendant stopped after A.S. told him a second time. There was no testimony from A.S. that she consented to the intercourse.

{8} Defendant concedes that "[t]here is a view of these facts, standing alone, to support a conviction for CSP through physical force or violence." We agree, and under our standard of review, that is sufficient to support a conviction. Nevertheless, Defendant continues to argue that there was no evidence of force. Defendant's contention is that the complete picture requires more, factually: A.S.'s frequent telephone calls to him before and after the sexual incident, which included conversations about sex and their "feelings for one another," her continued calls to him after their sexual encounter, and her arranging to skip school to meet him on January 28 (the date of a second incident). This position casting A.S. as a full partner in the encounter belies his use of force.

{9} We disagree that there could not be a finding of force based on a bare assertion that A.S. was a willing participant in sexual encounters with Defendant. His assertion of willing participation is contradicted by A.S.'s testimony that she asked him to stop and did not consent to the intercourse. Further, we hold that consent is not a viable legal defense to conviction for CSP III. Consent of a child between the ages of thirteen and sixteen to engage in sexual intercourse is irrelevant where force or coercion is involved. *State v. Pisio*, 119 N.M. 252, 260, 889 P.2d 860, 868 (Ct.App.1994) ("[The defendant's] theory is not a reasonable view of the evidence.").

{10} Defendant argues that he should have been convicted of the lesser CSP IV charge. The jury was instructed on CSP IV, which predicates guilt not on the use of force but on age difference and the ages of the victim and the offender. Under our deferential standard of review, we cannot countenance Defendant's view of the facts in this case, which is in the light most favorable to him, contrary to the standard of review.

{11} Under the CSP IV statute, the law does not recognize the willingness of a child between the ages of thirteen and sixteen to engage in sexual intercourse with a twenty-nine-year-old man as vitiating his causing the intercourse to occur. Such a child's consent is legally irrelevant. *See* UJI 14–962 NMRA; Section 30–9–11(F). Where

force is involved, lack of consent or resistance is similarly irrelevant. The question is whether Defendant used force in accomplishing his ends irrespective of the victim's role.

■ {12} The evidence adduced at trial was sufficient to convict Defendant of CSP III. Defendant's actions involved ensuring the physical isolation of the location of the incident, locking the doors of the car, unbuttoning and taking off A.S.'s pants, telling her that he thought she was ready for intercourse despite her disagreement, reclining her car seat and then climbing on top of her, initiating sex by forcing her legs open, and persisting in having intercourse with her after she told him that it hurt and asked him to stop. These acts were all physical acts engaged in by Defendant that constitute sufficient force to sustain his conviction. Force is defined as "the use of physical force or physical violence." NMSA 1978, § 30–9–10(A)(1) (2001) (amended 2005); *State v. White*, 77 N.M. 488, 494–95, 424 P.2d 402, 406 (1967) (noting that the "amount of resistance required of the complaining witness depends upon the facts of the particular case"); *see State v. Huff*, 1998–NMCA–075, ¶¶ 11–12, 125 N.M. 254, 960 P.2d 342 (noting that in making a determination that force was used, the issue is not *how much* force the defendant used or whether the victim resisted physically or verbally but just that the defendant used force). Defendant physically restrained A.S. and used physical force to ensure her compliance.

{13} The jury was instructed on both CSP III and CSP IV and chose to convict on CSP III. Applying the standard of review and viewing the facts in a light most favorable to the verdict, we affirm the jury's verdict and hold that there was sufficient evidence of sexual penetration through the use of force or coercion to support a conviction of CSP III.

**"Possession" as an Element of Child Enticement**

■ {14} With regard to the child enticement conviction, the jury was required to find that Defendant had possession of the victim in a vehicle, that the victim was under age sixteen, and that Defendant intended to commit an act that would constitute a crime under Article 9 of the criminal code—CSP of a minor in this case. Section 30–9–1. While enticement means "to incite or instigate, to allure, attract or lead astray," *State v. Garcia*, 100 N.M. 120, 125, 666 P.2d 1267, 1272 (Ct.App.1983), we have not yet considered the meaning under our modern statutes of "possession" of the child who is enticed. *But see, e.g., State v. Chitwood*, 28 N.M. 484, 486, 214 P. 575, 575 (1923) ("[A] man who has in his possession a minor girl for evil purposes is guilty, whether she has been enticed away, or carried off by him or not."). Defendant argues that the State did not prove that he possessed A.S. in his vehicle, the first element of enticement. Defendant's discussion of the possession element involves his transporting of A.S. on January 28, 2005, to a second sexual encounter the occurrence of which Defendant does not dispute. Because the second encounter occurred in a different county, we have not addressed it as it is not a charge in this case.

{15} The jury was instructed on the enticement count as follows:

> For you to find the defendant guilty of Enticement of a Child as charged in Count II, the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1. The defendant had possession of [A.S.] in a motor vehicle;
>
> 2. The defendant intended to commit the crime of Criminal Sexual Penetration;
>
> 3. [A.S.] was less than 16 years old;
>
> 4. This happened in New Mexico on or about the 28th day of January, 2005.

*See* § 30–9–1(B); UJI 14–971 NMRA.

{16} Defendant did not request the court to instruct the jury further on the meaning of possession and conceded that the term needed no further definition because it has an ordinary, common meaning. That common meaning for purposes of this case is actual physical control of a person. *See Black's Law Dictionary* 1162 (6th ed.1990). Defendant contends that the State presented "absolutely no evidence" that Defendant possessed A.S. in his car with the intention of committing CSP. Defendant relies upon

A.S.'s continued contacts with him after their first sexual encounter, her testimony regarding her willingness to enter his car on January 28, the fact that they drove around together all day, and the several opportunities A.S. had to use her cell phone to alert somebody as to her whereabouts but did not do so. Essentially, Defendant argues that there was no possession because A.S. never tried to leave and never said that she felt that she was not free to leave. However, this argument misrepresents A.S.'s testimony. A.S. testified that after she got into the car, Defendant drove them to Wal–Mart in Los Lunas. At Wal–Mart, while Defendant used the bathroom, A.S. began to feel scared and started looking for an employee "[t]o tell them that I was here with somebody and didn't feel comfortable." She did not speak to anyone, however, and when Defendant determined that it was time to leave, she left with him.

{17} Defendant was a twenty-nine-year-old adult pursuing a sexual relationship with a thirteen-year-old child. It was his car in which he drove A.S. around to various places. She testified that she was frightened but did not feel that she could summon help. The route was his, the stops were solely products of his decision-making, and the path was directed at having sex with A.S. A.S. was not of legal driving age and thus had no ability to take control of the car. When Defendant and A.S. first arrived at his mother's house later in the day, he determined that his mother was at home and then left with A.S. to get something to eat, returning with A.S. only after his mother had left. Defendant's path began on January 28 at the corner by her school bus stop where he picked A.S. up that morning and finished when he accomplished what he had set out to do. It was his will, not hers, that determined the course of events on that day. The State correctly points out that the possession element is not nullified just because Defendant did not physically force A.S. into the car. Possession is control, not forcible abduction. We hold that Defendant had actual physical control of A.S. sufficient to satisfy the possession element required by the child enticement statute.

**CONCLUSION**

{18} We hold that there is sufficient evidence to support the jury determination that Defendant used physical force or physical violence as required by the statute for CSP III. We also hold that Defendant possessed the child for purposes of satisfying the possession element of the child enticement statute. Defendant's convictions are affirmed.

{19} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and MICHAEL D. BUSTAMANTE, Judges.