This decision was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court and does not include the filing date.

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** NO. 30,913

**ARTHUR PAUL MARTIN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
Mark A. Macaron, District Judge

The Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

Gary K. King, Attorney General
Ralph E. Trujillo, Assistant Attorney General
Santa Fe, NM

for Appellee

**DECISION**

**SERNA, Justice.**

**I.      Introduction**

{1}      Defendant Arthur Paul Martin ("Defendant") was convicted by a jury of first degree murder of Rodney Mackall ("Victim"), armed robbery, evidence tampering, and possession of a firearm by a felon.  Defendant appeals his convictions directly to this Court under our mandatory appellate jurisdiction, Rule 12-102(A)(1) NMRA, on the grounds that the district court fundamentally erred in admitting gang affiliation evidence and testimony in violation of Defendant's Confrontation Clause rights and that the evidence was insufficient for his convictions.  Having reviewed the briefs and the record below, we affirm Defendant's convictions.

**II.      Background**

{2}      Defendant admitted to killing Victim in the Albuquerque apartment of Warren Ward on or about August 18, 2005.  Defendant was at Ward's apartment when an argument occurred  between Defendant and Victim, during which Victim was shot by Defendant in the kitchen with a revolver.  Defendant took money from Victim's person and left the apartment, fleeing to Farmington shortly thereafter. After Defendant departed, Ward enlisted the services of another guest to assist him in dumping Victim's body, which was discovered the next day.

{3} Defendant was arrested in Farmington pursuant to a warrant issued in Bernalillo County on September 8, 2005, after a citizen reported to the Farmington police that Defendant had confided that he had committed murder and robbery in Albuquerque. After waiving his Miranda rights, Defendant stated that he was present at Ward's apartment the night of Victim's murder and had heard gunshots. Defendant was transported to Bernalillo County Detention Center, where he confessed to shooting Victim in the course of an argument and disposing of the gun used in the crime.

{4} Defendant did not present evidence at trial, but argued during closing that the killing was in self-defense, and the jury was so instructed. After deliberation, the jury found Defendant guilty of first degree murder, willful and deliberate, felony murder in the alternative, armed robbery, evidence tampering, and possession of a firearm by a felon. The district court imposed a sentence of life imprisonment plus ten years.

**III.  Analysis**

{5} Defendant raises three points of error in this appeal: (1) that the district court fundamentally erred in admitting evidence of Defendant's gang affiliation; (2) that the district court fundamentally erred in admitting testimony that violated Defendant's Confrontation Clause rights and, as a result of the issue not being preserved, Defendant was prejudiced by ineffective assistance of counsel; and (3)

that insufficient evidence was presented at trial to sustain Defendant's convictions. We review each issue in turn.

## A.    Evidence of Defendant's Gang Affiliation

**{6}**    Defendant argues that the district court erred in admitting evidence of Defendant's gang affiliation but concedes that this issue was not preserved. We review issues that were not properly preserved below for fundamental error. *State v. Silva*, 2008-NMSC-051, ¶ 11, 144 N.M. 815, 192 P.3d 1192. Our fundamental error analysis requires two steps. The first is to determine whether error actually occurred. *Id.* If there was error, our second step is to determine whether that error was fundamental. *Id.* Error is fundamental and requires reversal only in extreme cases when "the defendant's guilt is so questionable that upholding the conviction would shock the conscience," or "substantial justice has not been served" because "a fundamental unfairness within the system has undermined judicial integrity." *Id.* ¶ 13 (internal quotation marks and citation omitted).

**{7}**    Gang affiliation evidence was presented at trial to show that Defendant and Victim were members of the same gang and that police investigators used gang tattoos to identify both Defendant and Victim. Defendant argues that admission of this evidence was fundamental error because it was character evidence used for propensity purposes in violation of Rule 11-404 NMRA. The State argues that the

3

gang affiliation evidence was properly admitted to show how the investigation proceeded and how Defendant and Victim were identified. Additionally, the State argues that "Defendant waived any claim against the admission of this evidence because the defense offered its own evidence of . . . gang affiliation."

**{8}** Rule 11-404 prohibits the admission of character evidence "for the purpose of proving action in conformity therewith on a particular occasion[.]" Under Rule 11-404(A), a criminal defendant may admit evidence of a pertinent trait of his or her own character, or the character of the victim, but doing so opens the door for the prosecution to introduce evidence of the same trait. Rule 11-404(A)(1), (2). Rule 11-404(B) permits the introduction of evidence of "other crimes, wrongs or acts" for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake." The State must provide prior notice that evidence of prior bad acts will be used at trial. Rule 11-404(B). If evidence is determined to be admissible under Rule 11-404, it must still withstand the balancing requirements of Rule 11-403 NMRA, under which evidence is excluded if its probative value is substantially outweighed by its prejudicial effect.

**{9}** The trial testimony about gang membership was first elicited by defense counsel to demonstrate that Victim was a gang member, presumably in support of Defendant's self-defense theory. Defense counsel emphasized that Victim was a gang member and posed questions about gang-related activities at Victim's funeral.

4

Under Rule 11-404(A), Defendant "opened the door" to gang-related testimony to show that the sole fact of Victim's gang membership did not prove Defendant's self-defense theory, as Defendant was a member of the same gang. *Cf. State v. Coffin*, 1999-NMSC-038, ¶ 34, 128 N.M. 192, 991 P.2d 477 ("[T]estimony on cross-examination concerning the relationship between the two gangs was admissible to rebut the implication from direct examination that the gang affiliation of [the victim] made it more likely that he was a first aggressor in the altercation with [the defendant]."). This rebuttal evidence, showing that Defendant and Victim were members of the same gang, need not be excluded under Rule 11-403 as its probative value is not "substantially outweighed by the danger of unfair prejudice." *See id.* ¶ 35 (finding no unfair prejudice when the defendant raised the issue of gang membership early in the trial and questioned his own witnesses about his gang membership). The district court did not err by permitting the State to present gang affiliation evidence to rebut the testimony elicited by Defendant.

{10} We may not characterize all of the gang affiliation evidence introduced by the State as rebuttal evidence permitted under Rule 11-404(A). The State presented testimony by gang experts and police officers on gang structure and methods of gang surveillance. Although the introduction of gang affiliation evidence would be prohibited if done solely for propensity purposes, we have previously held that gang affiliation evidence is not improper character evidence

5

when it is admitted for one of the valid reasons listed in Rule 11-404. In *State v. Nieto*, we held that the district court did not abuse its discretion in admitting expert gang testimony, about the defendant's membership in a gang and that gang's procedures, to show the defendant's motive and intent in murdering his victims. 2000-NMSC-031, ¶ 25, 129 N.M. 688, 12 P.3d 442. More recently, in *State v. Torrez*, we held that expert gang testimony was "offered to rebut [the defendant's] claim of self-defense, and therefore went to his motive," and was admissible under Rule 11-404(B). 2009-NMSC-029, ¶ 24, 146 N.M. 331, 210 P.3d 228.

{11} In this case, the State presented gang affiliation evidence to explain how the Sheriff's Department Gang Unit investigators used gang tattoos on Victim's body to identify Victim, and the files the Gang Unit maintains on local gang members and Defendant's tattoos to identify Defendant as a suspect. Testimony about gang structure, specifically that the Kirt Town Piru gang, to which both Defendant and Victim belonged, is a part of the Bloods gang family, provided background to understand the identification process. Additionally, Defendant admitted both to being a gang member and that he fled to Farmington after the murder because he was concerned "that his fellow gang members were after him." Defendant concedes that testimony of their common gang membership established that Defendant and Victim were acquainted.

{12} This gang-related testimony explained the manner in which investigators

6

were able to identify both Victim and Defendant and the reason for Defendant's presence in Farmington. The list of permissible reasons in Rule 11-404(B) is not exhaustive, and we hold that the district court did not err in admitting gang-related testimony for purposes of establishing identity and to explain why Defendant was arrested in Farmington. While the record does not indicate that the State met its burden of providing notice of the intent to use character evidence for permissible purposes, the failure to do so does not amount to fundamental error requiring reversal, especially considering the amount of gang evidence that was elucidated in Defendant's own questioning and confession.

{13}    Nor does the admission of this gang affiliation evidence violate Rule 11-403. In *Nieto* we held that the probative value of the gang evidence to show the defendant's motive and intent was not substantially outweighed by the danger of the unfair prejudice to the defendant of being associated with a gang. 2000-NMSC-031, ¶ 26. In *Torrez*, however, we held that the district court abused its discretion by not excluding the gang evidence under Rule 11-403 because there was little probative value when the prosecution had not presented evidence that the defendant was a member of a gang at the time of the shooting or that the crime was gang-related. 2009-NMSC-029, ¶ 31. Unlike the unduly prejudicial gang-related testimony presented in *Torrez*, however, in this case the gang affiliation evidence introduced for the limited and specific purposes of identification and reason for

Defendant's presence in Farmington was highly probative. While we continue to recognize the danger of gang-related evidence prejudicing a defendant "by associating the defendant with the gang and describing the gang's bad acts[,]" *Nieto*, 2000-NMSC-031, ¶ 25, any prejudice to Defendant was minimal and certainly did not substantially outweigh the probative value of the evidence. We hold that the district court did not err in admitting the gang affiliation testimony, and thus there was no fundamental error requiring reversal.

**B.      Testimony Admitted in Violation of the Confrontation Clause**

{14}      Defendant's second point of error alleges that his rights under the Confrontation Clause of the Sixth Amendment were violated by the admission of hearsay statements and that the failure of his trial counsel to object to those statements on grounds that they violated the Confrontation Clause constitutes ineffective assistance of counsel. The State concedes that statements by Ward, in whose apartment the murder was committed, were introduced through the testimony of various law enforcement officers in violation of Defendant's right to confront witnesses against him. Ward did not testify at trial, but his statement that Defendant killed Victim after an argument in his apartment was introduced through the testimony of Detective Maestas, who interrogated Ward, and Detective Blackmon, who observed a portion of that interrogation.

{15}      The Sixth Amendment guarantees that all criminal defendants have the right

8

"to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause prohibits the use in trial of "out of court testimonial statements . . . unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness, regardless of whether such statements are deemed reliable by the court." *State v. Zamarripa*, 2009-NMSC-001, ¶ 23, 145 N.M. 402, 199 P.3d 846 (citing *Crawford v. Washington*, 541 U.S. 36, 68 (2004)).

{16}     Our manner of analyzing the effect of the Confrontation Clause violation depends on whether the error was preserved. Generally, we review a claim that hearsay evidence was admitted in violation of the Confrontation Clause de novo. *Zamarripa*, 2009-NMSC-001, ¶ 22. However, if the error was not properly preserved at trial, our review is for fundamental error. *Silva*, 2008-NMSC-051, ¶ 11. "To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]" Rule 12-216(A) NMRA. Although Defendant objected to the admission of Ward's statements through the testimony of Detectives Maestas and Blackmon, he did so on grounds that the testimony constituted hearsay. Defendant never objected on grounds that the testimony violated the Confrontation Clause. Because this issue was not properly preserved in the district court, our review is for fundamental error. *See Silva*, 2008-NMSC-051, ¶ 10 (finding that the defendant did not preserve his Confrontation Clause claim by objecting that testimony violated his Fifth Amendment rights and

9

inquiring into the scope); *see also State v. Trujillo*, 2002-NMSC-005, ¶ 13, 131 N.M. 709, 42 P.3d 814 (declining to address the defendant's Confrontation Clause claim that was not preserved through objections to testimony on hearsay and impeachment grounds); *State v. Mora*, 1997-NMSC-060, ¶ 47 n.1, 124 N.M. 346, 950 P.2d 789 (declining to address the defendant's Confrontation Clause claim because no specific objection was made).

{17}     As noted above, the State concedes that Ward's statements were admitted in violation of Defendant's Confrontation Clause rights.  Therefore, we may proceed directly to the second step of our analysis, whether the error that occurred was fundamental.  *See supra* ¶ 6.  As discussed above, error is fundamental and requires reversal only when affirming a conviction would "shock the conscience," because Defendant's guilt is so questionable, or when the error is the result of "a fundamental unfairness within the system [that] has undermined judicial integrity." *Silva*, 2008-NMSC-051, ¶ 13 (internal quotation marks and citation omitted).

{18}     "[T]he loss of the fundamental right to cross-examine is not necessarily fundamental error." *Id.* ¶ 15.  In this case, the evidence presented supports Defendant's convictions even without consideration of Ward's statements. Defendant admitted shooting Victim during an argument.  The admission of Ward's statements of the same in no way renders the jury's determination of Defendant's guilt so questionable that our conscience is shocked.  The fact that

Ward's statements were cumulative of Defendant's own confession also indicates an absence of a "fundamental unfairness" that would undermine the judicial integrity of Defendant's trial. We hold that the error in admitting Ward's statements in violation of Defendant's Confrontation Clause rights was not fundamental and thus does not require reversal.

{19} Defendant argues that the failure of his trial counsel to object to the Confrontation Clause violation constitutes ineffective assistance of counsel. We apply a de novo standard of review to claims of ineffective assistance of counsel. *Lytle v. Jordan*, 2001-NMSC-016, ¶ 28, 130 N.M. 198, 22 P.3d 666. To establish a prima facie case of ineffective assistance of counsel, Defendant bears the burden of showing that his trial counsel committed error and that the error was prejudicial. *State v. Gonzales*, 2007-NMSC-059, ¶ 14, 143 N.M. 25, 172 P.3d 162. "There is a general presumption that trial counsel provided effective assistance." *Id.* The standard for determining whether trial counsel erred is whether "counsel's representation fell below an objective standard of reasonableness." *Lytle*, 2001-NMSC-016, ¶ 26 (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). If the claimed error can be justified as a trial tactic or strategy, the error is not unreasonable. *Id.*

{20} To meet his burden on the first prong, that his counsel committed error, Defendant argues that "[a] reasonably competent attorney, familiar with applicable

11

law, would simply not have failed to at least preserve an objection to the use of statements [that were testimonial and had not been cross-examined] at trial." We disagree. Defendant argued throughout the case that he shot Victim in self-defense, and Ward's statement that an argument occurred between Defendant and Victim tends to support the theory that Defendant acted in self-defense. Therefore, the failure of Defendant's trial counsel to object to the admission of Ward's statements may be justified as a trial tactic to bolster Defendant's self-defense argument. *See State v. Allen*, 2000-NMSC-002, ¶ 115, 128 N.M. 482, 994 P.2d 728 (filed 1999) ("Failure to object to every instance of objectionable evidence [or argument] does not render counsel ineffective; rather, failure to object falls within the ambit of trial tactics." (internal quotation marks and citation omitted) (alteration in original)). Because we find that Defendant has not carried his burden on the first prong of his ineffective assistance of counsel claim, we do not proceed to the second. Defendant has not shown that he was without reasonably effective assistance of counsel at trial, and thus his claim of ineffective assistance of counsel fails.

## C. Sufficiency of the Evidence

{21} For his third and final point of error in this appeal, Defendant argues that the evidence was insufficient to support his convictions of first degree murder, armed robbery, and evidence tampering. Defendant submits this argument pursuant to

12

*State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985).

{22} When we review whether the evidence presented at trial was sufficient for conviction, we look at "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). We "view the evidence in the light most favorable to the [State], resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict." *Id.* We do not weigh the evidence or substitute our judgment for that of the jury; we reverse a verdict for insufficient evidence only when no reasonable jury could find guilt beyond a reasonable doubt based on the evidence, "of either a direct of circumstantial nature[,]" presented. *State v. Perea*, 2008-NMCA-147, ¶ 5, 145 N.M. 123, 194 P.3d 738.

{23} Defendant argues that the evidence does not support his first degree murder conviction because "the evidence adduced at trial implicated [] Ward just as heavily, if not more heavily, as the murderer" and "Defendant's own statement indicated that he acted in self-defense." The jury was instructed on deliberate intent first degree murder and felony murder in the alternative, with armed robbery as the predicate felony, as well as self-defense; guilty verdicts were returned on

13

both counts. A conviction for deliberate intent first degree murder required the State to prove beyond a reasonable doubt that Defendant killed Victim; that Defendant had a deliberate intention to do so; and that Defendant was not acting in self-defense. NMSA 1978, Section 30-2-1 (1994); *see also* UJI 14-201 NMRA. The alternative charge of felony murder required the State to prove beyond a reasonable doubt that Defendant robbed Victim "under circumstances or in a manner dangerous to human life;" that Defendant caused Victim's death during the robbery; that Defendant "intended to kill or knew that his acts created a strong probability of death or great bodily harm[;]" and that Defendant did not act in self-defense. Section 30-2-1; UJI 14-202 NMRA.

{24} Defendant confessed to shooting Victim in the course of an argument. Defendant acknowledged that Victim was unarmed, but stated that Victim was moving towards Defendant in a manner indicating the argument was about to become physical, so Defendant withdrew a gun from his pocket and shot Victim twice. The forensic expert testified that Victim, who was much taller than Defendant, was shot from close range and in quick succession to the top of the head and the shoulder, indicating that the assailant was holding the gun over Victim. Because Victim was taller than Defendant, this evidence would permit the jury to infer that Victim was sitting or otherwise positioned at a lower level than Defendant, and thus not moving towards him. The multiple gunshots fired at close

14

range on an unarmed victim permitted the jury to conclude Defendant acted with deliberate intent in shooting Victim. *Cf. State v. Sosa*, 2000-NMSC-036, ¶¶ 12-13, 129 N.M. 767, 14 P.3d 32 (discussing evidence sufficient for a conviction of deliberate intent first degree murder). Although Defendant argued that he acted in self-defense, the jury was free to reject this version of events based on the evidence presented. *State v. Hunter*, 2001-NMCA-078, ¶ 16, 131 N.M. 76, 33 P.3d 296. There was sufficient evidence for the jury to convict Defendant of deliberate intent first degree murder.

{25} To convict Defendant of armed robbery, the predicate felony for the felony murder charge, the State was required to prove beyond a reasonable doubt that Defendant took and carried away money from Victim; that Defendant was armed; and that the money was taken by threatened force or violence. NMSA 1978, § 30-16-2 (1973); *see also* UJI 14-1621 NMRA. Defendant admitted to having a gun and shooting Victim. Evidence was presented through the testimony of multiple witnesses that Defendant absconded the crime scene with money taken from Victim's body. We find that the evidence was sufficient for a reasonable jury to convict Defendant of armed robbery and thus felony murder.

{26} To convict Defendant of evidence tampering, the State was required to prove beyond a reasonable doubt that Defendant hid or placed the firearm used in Victim's murder with another individual and that Defendant "intended to prevent

15

the apprehension, prosecution or conviction of himself[.]" UJI 14-2241 NMRA; *see also* NMRA 1978, § 30-22-5 (2003). Defendant admitted that he gave the murder weapon to a friend for disposal before leaving Albuquerque. He now argues, without citation, that his statement alone "is not sufficient to sustain a conviction for tampering with evidence as a matter of law." We disagree. We have long said that "the testimony of a single witness may legally suffice as evidence upon which the jury may found a verdict of guilt." *State v. Hunter*, 37 N.M. 382, 384, 24 P.2d 251, 252 (1933). The jury had sufficient evidence to convict Defendant of evidence tampering.

**IV.    Conclusion**

{27}    Defendant's convictions are affirmed.

{28}    **IT IS SO ORDERED**.


_____
**PATRICIO M. SERNA, Justice**


**WE CONCUR:**


_____
**CHARLES W. DANIELS, Chief Justice**

16

_____
**PETRA JIMENEZ MAES, Justice**


_____
**RICHARD C. BOSSON, Justice**


_____
**EDWARD L. CHÁVEZ, Justice**

17