This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39900**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**GARY ALBERT FERRELL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Conrad F. Perea, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Charles D. Agoos, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant appeals his conviction for one count of criminal sexual contact of a minor (CSCM). We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**Sufficiency of the Evidence**

**{2}** Defendant continues to challenge the sufficiency of the evidence to support his conviction for one count of CSCM. [MIO 6]

**{3}** When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**{4}** To support Defendant's CSCM conviction, the State had to show that Defendant touched or applied force to the vulva of A.S., who was between the ages of thirteen and seventeen, and that he did so through the use of physical force or physical violence. [RP 143] Defendant specifically challenges the adequacy of evidence of physical force. [MIO 6-8]

**{5}** Defendant is advocating for a definition of physical force that is the equivalent of violent force that causes physical pain or injury. [MIO 6-7] However, this Court has stated that there is no specific quantum of force necessary to fulfill the element of "force or coercion." *See State v. Perea*, 2008-NMCA-147, ¶¶ 12-13, 145 N.M. 123, 194 P.3d 738. "The issue is not how much force or violence is used, but whether the force or violence was sufficient to negate consent." *State v. Huff*, 1998-NMCA-075, ¶ 12, 125 N.M. 254, 960 P.2d 342 (internal quotation marks and citation omitted). In this case, the victim's description of the touching was sufficient to negate consent. Here, A.S. stated that Defendant, a family acquaintance, touched her beneath her skirt in her vaginal area. [MIO 1] Defendant tried to take off her panties, but she stopped him. [MIO 1] This happened again at a later date. [DS 6] In light of Defendant's actions in touching A.S. while trying to remove her panties, we conclude that a jury could reasonably determine that the element of force was satisfied. The jury could also reject the testimony of Defendant's ex-wife that she did not believe that the incident occurred. [DS 7] *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to weigh the credibility of the witnesses). Finally, we decline Defendant's request that we reconsider our case law on this matter.

**Ineffective Assistance of Counsel**

**{6}** Defendant continues to claim that he received ineffective assistance of counsel. [MIO 8] "To evaluate a claim of ineffective assistance of counsel, we apply the two-prong test in *Strickland v. Washington*, 466 U.S. 668, 687 . . . (1984)." *State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M.719, 204 P.3d 44. "That test places the burden on the defendant to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Id.*

**{7}** Here, Defendant's only specific claim is that trial counsel should have requested a definition of force that required a "sufficient quantum of force." [MIO 8] However, as explained above, there is no specific quantum of force necessary to fulfill this element. *See Perea*, 2008-NMCA-147, ¶¶ 12-13; *Huff*, 1998-NMCA-075, ¶ 12. Defendant was not entitled to an instruction that imposed a higher burden of proof than the statute requires, and there is no ineffective assistance based on the failure to request such an instruction. *Cf. State v. Chandler*, 1995-NMCA-033, ¶ 35, 119 N.M. 727, 895 P.2d 249 (stating that it is not ineffective assistance of counsel to fail to make a motion that lacks merit).

**{8}** For the reasons set forth above, we affirm.

**{9}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**