Certiorari Denied, May 20, 2011, No. 32,970

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2011-NMCA-067

Filing Date: April 18, 2011

Docket No. 29,956

STATE OF NEW MEXICO,

 Plaintiff-Appellee,

v.

YVETTE RODARTE,

 Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Carl J. Butkus, District Judge

Gary K. King, Attorney General
Andrew S. Montgomery, Assistant Attorney General
Santa Fe, NM

for Appellee

Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**CASTILLO, Chief Judge.**

{1} Defendant challenges her conviction for fraudulent refusal to return leased property, in violation of NMSA 1978, Section 30-16-40(A)(3) (2006), on grounds that the jury instructions did not include a definitional instruction clarifying the meaning of the term "intent to defraud." We affirm.

**BACKGROUND**

**{2}**     In June 2006, Defendant leased home furnishings from Aaron's Sales & Lease Ownership (Aaron's) in Albuquerque, New Mexico. Aaron's delivered the furniture to Defendant but never received payment. A manager at Aaron's contacted Defendant and instructed her to either provide payment or return the furniture. Defendant did neither. Aaron's then attempted to repossess the furniture but discovered that Defendant had moved from the address she provided. Aaron's contacted the police in July 2006 and reported the furniture as stolen or fraudulently taken.

**{3}**     Defendant was indicted in June 2007 on one count of fraudulent acts to obtain or retain possession of leased personal property with a value over $500 but not exceeding $2,500, in violation of NMSA 1978, Section 30-16-39(C) (2006) and, in the alternative, one count of fraudulent refusal to return leased property with a value over $500 but not exceeding $2,500, in violation of Section 30-16-40(A)(3). Defendant was tried before a jury in May 2009 and was found guilty of fraudulent refusal to return leased property. Defendant was acquitted on the other charge. She was sentenced to a conditional discharge and now appeals her conviction.

**DISCUSSION**

**{4}**     On appeal, Defendant "claims error with the jury instruction for the charge on which she was convicted." That charge was based on Section 30-16-40(A)(3), which provides:

> A person who, after leasing . . . personal property under a written agreement that provides for the return of . . . property to a particular place at a particular time and who, with intent to defraud the lessor of the . . . property, fails to return the . . . property to the place within the time specified, is guilty of a:
>
> . . . .
>
> fourth degree felony if the property . . . has a value of over five hundred dollars ($500) but not more than two thousand five hundred dollars ($2,500)[.]

There is no uniform jury instruction for this offense. At Defendant's trial, both parties proposed instructions purporting to set forth the essential elements of this offense. The court rejected Defendant's proposed instruction and included the State's instruction. That instruction directed the jury in the following manner:

> For you to find [D]efendant guilty of fraudulent refusal to return leased property . . . , the [S]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

2

> 1.     [D]efendant rented or leased furniture through a written agreement that provided for the return of the personal property to a particular place at a particular time;
> 2.     [D]efendant with intent to defraud Aaron's of the property failed to return the personal property to the place within a specified time;
> 3.     The furniture had a value over $500 but not more than $2,500;
> 4.     This happened in New Mexico on or about the 9th day of June, 2006.

{5}     Defendant argues on appeal that this instruction was insufficient because the term "intent to defraud" was not defined. She claims that a reasonable juror would have been confused by the meaning of that term. She asks that we reverse her conviction and remand for a new trial.

{6}     "The standard of review we apply to jury instructions depends on whether the issue has been preserved. If the error has been preserved[,] we review the instructions for reversible error. If not, we review for fundamental error." *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 (citation omitted).

{7}     The State contends that the arguments Defendant now makes on appeal were not preserved in the district court. According to the State, Defendant did not ask the trial court to issue a definitional instruction. Rather, the State claims Defendant asked the court to graft elements associated with the crime of fraud, *see* NMSA 1978, Section 30-16-6 (2006), onto the instructions for the crime with which Defendant was charged. This request, the State claims, was properly rejected by the trial court and is different and distinct from Defendant's argument on appeal.

{8}     Our review of the record reveals that the State's assertions are correct. Defendant's proposed instruction included language from UJI 14-1640 NMRA, the uniform jury instruction for the crime of fraud. Defendant's proposed instruction included the following:

> For you to find [D]efendant guilty of fraudulent refusal to return leased property . . . , the [S]tate must prove . . . :
>
> 1.     [D]efendant[,] by way of words or conduct[,] made a promise she had no intention of keeping or misrepresented a fact to Aaron's . . . , intending to deceive or cheat Aaron's . . . ;
> 2.     Because of the promise and Aaron['s] reliance on it, [D]efendant obtained the furniture[.]

These are not elements of the offense of fraudulent refusal to return leased property but are elements of the crime of fraud. *Compare* Section 30-16-40 *with* UJI 14-1640. Discussing this proposed instruction, Defendant stated the following at trial:

3

> With intent to defraud, I don't believe that is sufficient to suggest that there is a specific intent and I would ask you to use my . . . proposed instruction number 2 because it adds the elements of fraud . . . . So I believe that you need to add the fraud language because it is included in the statute.

The trial court rejected this request and gave the following explanation:

> It seems to me that what the [d]efense is essentially asking is that we engraved [sic] common law fraud concepts onto what's a statutory offense. And I think the best thing and safest thing to do when we're dealing with a statutory offense is to track the language of the statute and the State's instruction does essentially that[.]

**{9}** We conclude that Defendant failed to preserve the argument she raises on appeal. *See State v. Jernigan*, 2006-NMSC-003, ¶ 10, 139 N.M. 1, 127 P.3d 537 ("Generally, to preserve error on a trial court's refusal to give a tendered instruction, the Appellant must tender a legally correct statement of the law."). We observe that Defendant's tendered instruction requires the State to prove that she committed fraud in obtaining the property, as well as in refusing to return the property. The charge relates only to the failure of Defendant to return the property. Further, we find no support in the record that would allow us to conclude that the district court understood that Defendant wanted a definitional instruction clarifying the term "intent to defraud." *See id.* ("[I]f the record reflects that the judge clearly understood the type of instruction the [d]efendant wanted and understood the tendered instruction needed to be modified to correctly state the law, then the issue is deemed preserved for appellate review."). Accordingly, we review Defendant's argument for fundamental error. *Benally*, 2001-NMSC-033, ¶ 12 (stating that, if an issue regarding jury instruction has not been preserved, we review for fundamental error).

**{10}** We will not "uphold a conviction if an error implicated a fundamental unfairness within the system that would undermine judicial integrity if left unchecked." *State v. Barber*, 2004-NMSC-019, ¶ 18, 135 N.M. 621, 92 P.3d 633 (internal quotation marks and citation omitted). The specific issue before us is whether the absence of a definitional instruction as to the term "intent to defraud" caused such a "fundamental unfairness" in Defendant's trial. *Id.* (internal quotation marks and citation omitted). To answer this question, we evaluate "whether a reasonable juror would have been confused or misdirected by the jury instruction." *Id.* ¶ 19.

**{11}** Before examining Defendant's arguments, we express our doubts that a jury would be confused or misdirected by the term "intent to defraud." In *State v. Probert*, 19 N.M. 13, 16, 140 P. 1108, 1109 (1914), *superseded by statute as recognized by State v. Peke*, 70 N.M. 108, 371 P.2d 226 (1962), our Supreme Court reached the unremarkable conclusion that "[t]o do an act fraudulently is to do it with intent to cheat and defraud." *Probert*, 19 N.M. at 16, 140 P. 1109. This somewhat circular reasoning does not reveal an analytical flaw. Rather, it illustrates that the terms "fraud" and "defraud" are readily understandable. In our view, *Probert* supports the conclusions that a reasonable juror would understand what the term "defraud" means and would, therefore, understand what must be present to have an

"intent to defraud." *See id.* at 16, 140 P. at 1109. We find further support for this conclusion in the crime of fraud by worthless checks and the uniform jury instruction associated with that offense. Intent to defraud is an essential element of fraud by worthless checks. *See* NMSA 1978, § 30-36-4 (1963). The uniform jury instruction associated with that offense defines "intent to defraud" as, simply, "[intent] to cheat or deceive." UJI 14-1670 NMRA. A reasonable juror would not struggle to discern what the phrase "intent to defraud" means. We now turn to Defendant's arguments.

{12} Defendant presents five arguments on appeal. First, she observes that the uniform jury instruction for the crime of embezzlement, UJI 14-1641 NMRA, includes the term "fraudulently intended" and provides a definition for this term. This observation does little to resolve the question before us: whether a reasonable juror would be confused by the term "intent to defraud." Defendant has provided us no authority that the term "fraudulently intended" in the embezzlement statute was defined because jurors could not reasonably be expected to understand the meaning of that term. Defendant's first argument is unavailing.

{13} Defendant's second argument is premised on *State v. Clifford*, 117 N.M. 508, 873 P.2d 254 (1994) and *State v. Green*, 116 N.M. 273, 861 P.2d 954 (1993). She argues that these cases support her claim that the district court's failure to provide a definitional instruction for the term "intent to defraud" was error. These cases do not so hold. In both *Clifford* and *Green*, the defendants were charged with embezzlement. *Clifford*, 117 N.M. at 510, 873 P.2d at 256; *Green*, 116 N.M. at 274, 861 P.2d at 955. One of the essential elements of this offense is "fraudulent intent." *Green*, 116 N.M. at 277-78, 861 P.2d at 958-59. The jury instructions issued in both cases failed to include any reference to this essential element. *Clifford*, 117 N.M. at 511, 873 P.2d at 257; *Green*, 116 N.M. at 277-79, 861 P.2d at 958-60. Our Supreme Court concluded, in both cases, that this was reversible error. *Clifford*, 117 N.M. at 511-12, 873 P.2d at 257-58; *Green*, 116 N.M. at 277-79, 861 P.2d at 958-60. *Green* and *Clifford* do not apply here. At Defendant's trial, all of the essential elements of the crime of fraudulent refusal to return leased property were included in the jury instructions. Defendant does not argue to the contrary. She instead claims that a further definitional instruction clarifying the term "intent to defraud" should have been issued. Neither *Clifford* nor *Green* stands for the proposition.

{14} Defendant's final argument is that jurors are neither appellate judges nor lawyers and, therefore, cannot be expected to understand what the term "intent to defraud" means. We disagree. Our inquiry is whether a reasonable juror would have been confused or misdirected by the instruction proffered. *Barber*, 2004-NMSC-019, ¶ 19. For the reasons previously stated, we are persuaded that a reasonable juror would understand the meaning of these words. In addition, Defendant has failed to direct us to any concrete evidence that the jury at Defendant's trial was confused by the instructions.

**CONCLUSION**

{15} For the foregoing reasons, Defendant's conviction is affirmed.

{16} **IT IS SO ORDERED.**

5

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**

**Topic Index for *State v. Rodarte*, Docket No. 29,956**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-PA | Preservation of Issues for Appeal |
| AE-SR | Standard of Review |
| | |
| **CL** | **CRIMINAL LAW** |
| CL-FR | Fraud |
| | |
| **JI** | **JURY INSTRUCTIONS** |
| JI-CJ | Criminal Jury Instructions |
| JI-IJ | Improper Jury Instructions |