Certiorari Denied, August 5, 2011, Docket No. 33,111

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2011-NMCA-089

Filing Date: June 9, 2011

Docket No. 29,248

STATE OF NEW MEXICO,

      Plaintiff-Appellant,

v.

JEFFERY MOORE,

      Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Kenneth H. Martinez, District Judge

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellant

Liane E. Kerr
Albuquerque, NM

for Appellee

OPINION

GARCIA, Judge.

{1}     The State appeals the district court's pretrial dismissal of three counts of criminal sexual penetration (CSP) that were each charged under two alternative theories: (1) CSP in the second degree (CSP II) based upon CSP perpetrated during the commission of a felony, contrary to NMSA 1978, Section 30-9-11(E)(5) (2007) (amended 2009); or (2) CSP in the fourth degree (CSP IV) based upon CSP "perpetrated on a child thirteen to sixteen years of

1

age when the perpetrator is at least eighteen years of age and is at least four years older than the child and not the spouse of that child[,]" contrary to Section 30-9-11(G)(1). This appeal requires us to consider whether the district court erred by concluding that the State improperly instructed the grand jury on the definition of the unlawfulness element for CSP II and CSP IV when it omitted language that the act must have been done "without consent" of the fourteen-year-old alleged victim. We conclude that the State properly instructed the grand jury regarding the definition of unlawfulness because the consent of a statutorily defined child is legally irrelevant to the unlawfulness element for both CSP II and CSP IV. As a result, we reverse the district court's order dismissing Counts I, V, and VI of the indictment, and we remand for further proceedings consistent with this Opinion.

**BACKGROUND**

**{2}** During the grand jury proceedings on June 2, 2008, the grand jury considered eight criminal counts in the proposed indictment, including three counts of CSP. The State instructed the grand jury that unlawfulness was an essential element of both CSP II and the alternative counts of CSP IV, as charged in Counts I, V, and VI. The State further defined "unlawfulness" as follows:

> In addition to the other elements of [CSP II], . . . or [CSP IV], for you to return a True Bill on these charges[,] you must find probable cause as to each of the following elements: For the act to have been unlawful it must have been done with the intent to arouse or gratify sexual desire[,] or to intrude on the bodily integrity or personal safety of the [V]ictim[,] or for some other unlawful purpose. [CSP II], . . . and [CSP IV] do not include a penetration for purposes of reasonable medical treatment, non-abusive parental or custodial care, lawful arrest or confinement[,] or for some other unlawful [sic] purpose.

*See* UJI 14-132 NMRA.

**{3}** Detective Lavilla then testified that V.M. (Victim) and Jeffery Moore (Defendant) were unrelated, that Victim was fourteen years old, and that Defendant was forty-six years old. Detective Lavilla further testified that during a recorded interview, Victim stated that Defendant was her father's friend and that Defendant and Victim were "with each other" every Friday night for two and a half months before law enforcement officers discovered their activity on May 16, 2008. Additionally, Victim told Detective Lavilla that she voluntarily agreed to have sexual intercourse with Defendant and that Defendant and Victim smoked marijuana and engaged in sexual intercourse on multiple occasions. The grand jury subsequently returned a true bill on all counts, and the State filed a grand jury indictment charging Defendant with eight criminal counts, including three counts of CSP that were each charged as CSP II, or in the alternative, CSP IV. The underlying felony supporting the CSP II charge was contributing to the delinquency of a minor, contrary to NMSA 1978, Section 30-6-3 (1990), based upon Defendant allegedly providing marijuana or smoking marijuana

2

with Victim.

{4} On September 16, 2008, Defendant filed a motion to dismiss Counts I, V, and VI, charging Defendant with CSP II or alternatively CSP IV. Defendant asserted that the State omitted the "without consent" language in UJI 14-132 in its instructions to the grand jury, which was "critical to this case since the unequivocal and undisputed evidence is that the sexual intercourse was consensual." Defendant further contended that "[b]ecause the prosecutor failed to properly instruct grand jurors on the essential element of 'unlawfulness,' the grand jury was not instructed on all the essential elements of [CSP]." As a result, Defendant argued that dismissal of the charges was required pursuant to *State v. Ulibarri*, 1999-NMCA-142, 128 N.M. 546, 994 P.2d 1164, *aff'd*, 2000-NMSC-007, 128 N.M. 686, 997 P.2d 818. In a subsequent reply and argument before the district court, Defendant additionally argued that this Court recognized the New Mexico Supreme Court's approval of "jury instructions for the defense of consent in CSP cases" filed after January 20, 2005. *See State v. Jensen*, 2005-NMCA-113, ¶ 21, 138 N.M. 254, 118 P.3d 762 (recognizing that "effective for cases filed after January 20, 2005, the Supreme Court has approved instructions for the defense of consent in CSP cases that are analogous to the defense of self-defense," pursuant to UJI 14-132 and UJI 14-946 NMRA). Defendant relied upon *Jensen* to argue that because Defendant's case was filed after January 20, 2005, and the undisputed evidence of consent raised a genuine issue of unlawfulness, the State was required to include language regarding the absence of consent in its definition of unlawfulness.

{5} In response, the State argued that although unlawfulness is an element of CSP, UJI 14-132 provides that the optional "without consent" language is to be used only in applicable cases. The State further contended that since this Court has repeatedly held that absence of consent is not an element of CSP, the State properly excluded language regarding the absence of consent from the grand jury instructions. *See Jensen*, 2005-NMCA-113, ¶ 19 (stating that "our cases have long held that absence of consent is not an element of the crime of CSP"). Additionally, the State argued that the definition of "unlawfulness" in UJI 14-132 indicates that the "without consent" language is not applicable to all charges that use the unlawfulness definition because absence of consent is not a question of law essential for a CSP conviction. Finally, the State argued that even if consent were a defense to CSP in some cases, consent is not a defense where the alleged victim is under sixteen years of age. As a result, the State argued that the grand jury instructions were proper and that Defendant's motion to dismiss should be denied.

{6} On December 18, 2008, the district court entered an order dismissing without prejudice the CSP charges in Counts I, V, and VI. The court found that it was undisputed that the sexual intercourse providing the basis for the CSP charges was consensual. The court further found that the State omitted the "without consent" language when it read the "unlawfulness" instruction to the grand jury. Finally, the court noted that in *Jensen*, 2005-NMCA-113, ¶ 21, this Court recognized the Supreme Court's approval of jury instructions regarding the defense of consent in CSP cases filed after January 20, 2005. As a result, the district court concluded that "[g]iven the evidence of alleged consensual intercourse in this case, a genuine issue of the unlawfulness of [Defendant's] actions was raised[,]" and the State was required to include the "without consent" language in grand jury instructions

3

regarding the "unlawfulness" element. Based on its conclusion that the grand jury instructions were legally insufficient, the court dismissed without prejudice the CSP charges against Defendant. The State now appeals the district court's order of dismissal.

## DISCUSSION

{7}      The State presents four arguments on appeal: (1) language regarding the absence of consent was properly excluded from the unlawfulness instruction because absence of consent is not an element of CSP involving a fourteen-year-old victim; (2) even if consent were considered a defense to CSP, the State is not required to disprove trial defenses during grand jury proceedings; (3) the Uniform Jury Instructions are a secondary source of law that cannot overrule primary sources; and (4) to the extent that UJI 14-132 may require the State to prove lack of consent in CSP cases, it is an erroneous statement of law. In response, Defendant asserts that an instruction regarding unlawfulness was required since unlawfulness is an element of CSP II and CSP IV and that the "without consent" language was required since it is included in the jury instruction defining unlawfulness. We conclude that the State properly instructed the grand jury regarding the definition of unlawfulness because the consent of a fourteen-year-old child is legally irrelevant to the unlawfulness element for both CSP II and CSP IV. As a result, we reverse the district court's dismissal of Counts I, V, and VI, and we need not consider the State's remaining arguments on appeal.

## Standard of Review

{8}      "[A] prosecutor has a duty to advise the grand jury of the essential elements of the charges presented." *State v. Gallegos*, 2009-NMSC-017, ¶ 12, 146 N.M. 88, 206 P.3d 993. Furthermore, the remedy for a failure to advise the grand jury of the essential elements is a dismissal of the charges without prejudice. *Ulibarri*, 1999-NMCA-142, ¶¶ 15, 24. Here, it is undisputed that unlawfulness is an essential element of CSP II and CSP IV, but the parties disagree regarding whether language regarding the absence of consent was required to be included in the definition of unlawfulness. Whether the unlawfulness instruction was required to include language regarding the absence of consent is a question we review de novo. *See State v. Henley*, 2010-NMSC-039, ¶ 12, 148 N.M. 359, 237 P.3d 103.

## Unlawfulness Element of CSP II and CSP IV

{9}      Section 30-9-11(A) defines CSP as "the *unlawful* and intentional causing of a person to engage in sexual intercourse, cunnilingus, fellatio or anal intercourse or the causing of penetration, to any extent and with any object, of the genital or anal openings of another, whether or not there is any emission." (Emphasis added.) Section 30-9-11 then incorporates this general definition of CSP into subsections defining the various degrees of CSP. *See* § 30-9-11(C) to (F). CSP II may be met through multiple circumstances, including "all [CSP] perpetrated . . . in the commission of any other felony." Section 30-9-11(E)(5). CSP in the third degree (CSP III) "consists of all [CSP] perpetrated through the use of force or coercion not otherwise specified in this section." Section 30-9-11(F). Finally, CSP IV "consists of all [CSP] . . . not [otherwise] defined in Subsections D through F . . . perpetrated on a child thirteen to sixteen years of age when the perpetrator is at least eighteen years of age and is

4

at least four years older than the child and not the spouse of that child." Section 30-9-11(G)(1).

**{10}** In *State v. Perea*, the defendant appealed his conviction of CSP III, arguing that the evidence only supported a conviction for CSP IV (involving a child between thirteen and sixteen years of age). 2008-NMCA-147, ¶ 1, 145 N.M. 123, 194 P.3d 738. Specifically, the defendant contended that there was no evidence of the required element of force for CSP III because the victim consented to the sexual encounters. *Id.* ¶¶ 8-9. This Court held that "consent is not a viable legal defense to conviction for CSP III" and that the "[c]onsent of a child between the ages of thirteen and sixteen to engage in sexual intercourse is irrelevant where force or coercion is involved." *Id.* ¶ 9. In considering the defendant's argument that he should have been convicted of the lesser CSP IV charge, this Court similarly concluded that:

> Under the CSP IV statute, the law does not recognize the willingness of a child between the ages of thirteen and sixteen to engage in sexual intercourse with a twenty-nine-year-old man as vitiating his causing the intercourse to occur. Such a child's consent is legally irrelevant.

*Id.* ¶¶ 10-11 (citations omitted).

**{11}** We first consider whether the State properly excluded language requiring the absence of Victim's consent in instructing the grand jury regarding the unlawfulness element for the three alternative counts of CSP IV. As stated in *Perea*, the law does not recognize the willingness of a fourteen-year-old child to consent to sexual intercourse with a forty-six-year-old man as vitiating the act of CSP, and as a result, Victim's consent or lack thereof is legally irrelevant under the CSP IV statute. *See id.* Defendant provides no basis to distinguish the present case from *Perea* in relation to the CSP IV charges, but instead concedes that Victim's consent is irrelevant to the element of unlawfulness for CSP IV. Consequently, we conclude that the grand jury instructions regarding the unlawfulness element for the three alternative counts of CSP IV properly excluded language regarding the absence of Victim's consent.

**{12}** We next turn to whether the State properly excluded the "without consent" language when instructing the grand jury regarding the unlawfulness element for the three counts of CSP II. Defendant argues that pursuant to the definition of CSP II in UJI 14-954 NMRA, the State was mandated to instruct the grand jury that Defendant's act was required to be unlawful since there was a genuine issue regarding the unlawfulness of Defendant's actions. *See* UJI 14-954 n.7 ("Use the bracketed element [that the defendant's act was unlawful] if the evidence raises a genuine issue of the unlawfulness of the defendant's actions."). Defendant further contends that the issue of whether Victim could consent due to her young age applies only to the CSP IV charge under *Perea*, and the "without consent" language must be included in the instruction regarding the unlawfulness element of CSP II.

**{13}** We conclude that the consent of a statutorily defined child is irrelevant to the unlawfulness element of CSP II. In *Perea*, we reasoned that the consent of a child between

5

the ages of thirteen and sixteen is legally irrelevant for both CSP III, where force is required, and CSP IV, where force is not required. 2008-NMCA-147, ¶¶ 9-11. Similarly, CSP II incorporates the same universal definition of CSP in Section 30-9-11(A), including the requirement that the act be unlawful. *See* § 30-9-11(E)(5). Furthermore, the only additional element required for CSP II is that the defendant must have perpetrated the act of CSP "in the commission of any other felony." *Id.* Just as *Perea* concluded that the consent of a child between thirteen and sixteen years of age to engage in sexual intercourse with a twenty-nine-year-old man does not vitiate the act of CSP required for CSP III (use of force or coercion) or CSP IV, we conclude that the consent of a fourteen-year-old child to engage in sexual intercourse with a forty-six-year-old man does not vitiate the act of CSP required for CSP II. *Id.* ¶¶ 9, 11. Furthermore, just as *Perea* concluded that the additional question for CSP III is "whether [the d]efendant used force in accomplishing his ends irrespective of the [under-aged] victim's role[,]" we determine that a similar question applies for CSP II regarding whether Defendant perpetrated the act of CSP during the commission of another felony irrespective of the under-aged Victim's role. *Id.* ¶ 11; *see State v. Maestas*, 2005-NMCA-062, ¶ 24, 137 N.M. 477, 112 P.3d 1134, (determining that CSP II based on commission of a felony "requir[es] the jury to find that [the d]efendant *caused* [the v]ictim to engage in the various sex acts and that the acts occurred *during* the commission of the underlying felony"), *rev'd on other grounds*, 2007-NMSC-001, 140 N.M. 836, 149 P.3d 933.

**{14}** Additionally, we recognize that force or coercion is not always an essential element of CSP II. *Maestas*, 2005-NMCA-062, ¶ 26. "Through its definitions of CSP II, the [L]egislature intended to punish those who participate in certain sexual activity, even without exerting force or coercion, when the participant is in a position of authority over an inmate, when the participant is armed with a deadly weapon, or when the sex act is caused by the defendant in the commission of any other felony." *Id.* Furthermore, the Legislature did not limit CSP II (commission of a felony) to only those underlying felonies involving force or coercion, but instead, "simply required that the CSP be caused by the defendant in the commission of any other felony." *Id.* (internal quotation marks and citation omitted). As a result, we decline to extend the definition of the unlawfulness element of CSP II to include an additional requirement that Victim did not consent to the sexual intercourse during Defendant's commission of a felony. *See id.* ¶¶ 4, 24 (recognizing in a CSP II case where the alleged victim was an adult, the required "causal connection" between the requested sexual act and the underlying felony was sufficient to ensure that an accused will not be convicted for engaging in an act of purely consensual sex).

**{15}** Finally, we recognize that our statutory authority and cases similarly indicate that absence of consent is not an element of the crime of CSP. *See* NMSA 1978, § 30-9-10(A) (2005) (stating that "[p]hysical or verbal resistance of the victim is not an element of force or coercion" under the sex crimes statutes); *see also Jensen*, 2005-NMCA-113, ¶ 19 (recognizing that "our cases have long held that absence of consent is not an element of the crime of CSP"); *State v. Gillette*, 102 N.M. 695, 697-98, 700, 699 P.2d 626, 628-29, 631 (Ct. App. 1985) (recognizing that lack of consent is not an element of CSP II in a case involving a twelve-year-old victim). Having recognized that absence of consent is not an essential element of CSP, we similarly decline to expand the definition of unlawfulness related to charges of CSP to include absence of consent as an essential element. As a result, the State

6

properly excluded the "without consent" language from the definition of unlawfulness in this case, as set forth in the CSP IV and CSP II instructions to the grand jury. *See State v. Augustin M.*, 2003-NMCA-065, ¶¶ 16, 19, 133 N.M. 636, 68 P.3d 182 (recognizing that the prosecution is required to instruct the grand jury regarding the elements of the offense, but not possible defenses that a defendant may raise).

**{16}** Consequently, we hold that the State properly excluded the "without consent" language from the grand jury instruction defining "unlawfulness" because Victim's consent or lack thereof is legally irrelevant to the unlawfulness element of both CSP II and CSP IV.

**Uniform Jury Instruction Defining "Unlawfulness"**

**{17}** We briefly address Defendant's argument that the "without consent" language was required because it "is clearly part of the jury instruction setting forth the meaning of unlawfulness." UJI 14-132 provides a definition of "unlawfulness" for offenses that include the term "unlawful" in defining the offense, including certain assault and battery offenses, sex offenses, and false imprisonment or kidnapping offenses. *See* UJI 14-132 n.1. UJI 14-132 defines "unlawfulness" as follows:

> For the act to have been unlawful it must have been done [without consent and]:
>
> [with the intent to arouse or gratify sexual desire]
>
> [or]
>
> [to intrude upon the bodily integrity or personal safety of _____ (*name of victim*)]
>
> [or]
>
> [_____ (*other unlawful purpose*)].
>
> _____ (*name of offense*) does not include a [touching] [penetration] [confinement] [_____ (*relevant act*)] for purposes of [reasonable medical treatment] [nonabusive (parental care) (or) (custodial care)] [lawful arrest, search or confinement] [_____ (*other lawful purpose*)].

(Alterations in original).

**{18}** We conclude that nothing in UJI 14-132 requires the bracketed "without consent" language to be included in defining the unlawfulness of CSP II or CSP IV where the alleged victim is a statutorily defined child. The use notes clearly indicate that the bracketed alternatives are not applicable to every case. *See* UJI 14-132 n.1 ("The examples suggested in the bracketed language have been taken from controlling cases addressing particular offenses and are not applicable to every case."). The use notes further clarify that "[o]ne or

7

more of the three [bracketed] alternatives may be given without the bracketed 'without consent and'." UJI 14-132 n.3. Here, the State defined unlawfulness using the three bracketed alternatives in UJI 14-132, specifying that for the act to be unlawful, "it must have been done with the intent to arouse or gratify sexual desire[,] or to intrude on the bodily integrity or personal safety of the [v]ictim[,] or for some other unlawful purpose." Additionally, the State instructed the grand jury that lawful purposes such as "a penetration for purposes of reasonable medical treatment, non-abusive parental or custodial care, [or] lawful arrest or confinement" were not included in the definition of the CSP offenses. However, as previously discussed, the State properly excluded the "without consent" language since it is legally irrelevant to both CSP II and CSP IV involving a statutorily defined child victim. As a result, we conclude that the State properly instructed the grand jury regarding the definition of unlawfulness by using the appropriate bracketed alternatives set forth in UJI 14-132.

**The District Court's Reliance on *Jensen***

**{19}** Finally, we briefly address the district court's reliance on *Jensen*, 2005-NMCA-113, ¶ 21, to conclude that our Supreme Court had approved the defense of consent for CSP cases filed after January 20, 2005. We first note that the issue in *Jensen* was whether the defendant received ineffective assistance of counsel, not whether the defendant was entitled to a jury instruction regarding consent. *Id.* ¶¶ 17-18; *see Fernandez v. Farmers Ins. Co. of Ariz.*, 115 N.M. 622, 627, 857 P.2d 22, 27 (1993) ("[C]ases are not authority for propositions not considered." (internal quotation marks and citation omitted)). We further note that *Jensen* recognized that pursuant to our case law and statute, "absence of consent is not an element of the crime of CSP." 2005-NMCA-113, ¶ 19. Finally, we recognize that *Jensen* is distinguishable because it addressed whether consent was a defense in a CSP case where the alleged victim was the adult wife of the defendant, rather than whether absence of consent was required to be included in defining the essential elements of CSP involving a child victim as in the present case. *Id.* ¶¶ 1, 22. As a result, we conclude that the district court erred in determining that the "without consent" language was required to be included in the definition of unlawfulness for CSP II and CSP IV in a case involving an alleged victim that was a statutorily defined child.

**CONCLUSION**

**{20}** For the foregoing reasons, we reverse the district court's order dismissing Counts I, V, and VI of Defendant's indictment, and we remand for further proceedings consistent with this Opinion.

**{21}    IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

8

JONATHAN B. SUTIN, Judge

CYNTHIA A. FRY, Judge

**Topic Index for *State v. Moore*, Docket No. 29,248**

**AE**          **APPEAL AND ERROR**
AE-SR        Standard of Review

**CL**          **CRIMINAL LAW**
CL-CP       Criminal Sexual Penetration
CL-FL       Fleeing

**CA**          **CRIMINAL PROCEDURE**
CA-CN       Consent

**JI**          **JURY INSTRUCTIONS**
JI-CJ       Criminal Jury Instructions
JI-IJ       Improper Jury Instructions