**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2013-NMCA-071

Filing Date: May 9, 2013

Docket No. 31,734

STATE OF NEW MEXICO,

      Plaintiff-Appellee,

v.

RAMONA BRADFORD,

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
M. Victoria Wilson, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
J. K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**GARCIA, Judge.**

**{1}** The specific issue before this Court is whether the State's instructions to the grand jury were insufficient to advise the grand jury on the essential elements of an embezzlement charge in the absence of including the definitional instructions for the terms "fraudulent intent" and "converted." We hold that the grand jury was not properly instructed on the essential elements of the embezzlement charge and reverse the district court.

1

**BACKGROUND**

**{2}**     Defendant was arrested for embezzlement after her employer reported to the police that $2,719.98 was missing from the register and that Defendant was videotaped removing money from the register, placing the money into a register bag, entering the restroom with the bag in her hands, and exiting the restroom and the store without the bag. Following her arrest, a grand jury indicted Defendant for one count of embezzlement. Defendant filed a motion to dismiss the indictment and a motion for reconsideration, arguing that the grand jury was not properly instructed on all elements of her embezzlement charge.

**{3}**     NMSA 1978, Section 30-16-8(A) (2007) defines "embezzlement" as "a person embezzling or converting to the person's own use anything of value, with which the person has been entrusted, with fraudulent intent to deprive the owner thereof." The State instructed the grand jury as follows:

> For you to return a true bill on the charge of embezzlement you must find probable cause as to each of the following elements: (1) the target was entrusted with property belonging to another, which had a market value of over $2,500 but no more than $20,000; (2) after being entrusted with the property, the target, with fraudulent intent to deprive the owner of the property, converted it to his own use; and (3) this happened in New Mexico on or about the 26th day of September, 2009.

Defendant argued that this instruction was insufficient because it failed to include uniform jury instruction (UJI) definitions of "fraudulent intent" and "converted" for the benefit of the jury. *See* UJI 14-1641 NMRA. The district court found that the State's instruction was sufficient to advise the jury and denied Defendant's motion to dismiss her indictment. The district court also denied Defendant's motion to reconsider, but certified for interlocutory appeal the question of whether the grand jury was sufficiently instructed on the essential elements of embezzlement.

**STANDARD OF REVIEW**

**{4}**     "A prosecutor has a duty to advise the grand jury of the essential elements of the charges presented." *State v. Moore*, 2011-NMCA-089, ¶ 8, 150 N.M. 512, 263 P.3d 289 (alteration, internal quotation marks, and citation omitted). This Court reviews de novo the question of whether a grand jury was properly instructed on all essential elements of a charge. *Id.* "[T]he remedy for a failure to advise the grand jury of the essential elements is a dismissal of the charges without prejudice." *Id.*

**DISCUSSION**

**{5}**     The specific issue before this Court is whether the absence of the definitional terms "fraudulent intent" and "converted" that are specifically included in UJI 14-1641 rendered

the instructions given in this case insufficient to advise the grand jury of the essential elements of Defendant's embezzlement charge. To answer this question, we must evaluate the current status of grand jury instructions promulgated by the Supreme Court.

**{6}** We first address Defendant's primary argument. Defendant asserts that the definitions of the two terms at issue must be provided to the grand jury because UJI 14-1641 was adopted for the essential elements of an embezzlement charge and this specific UJI includes the definition of the two terms at issue. Although this general observation regarding UJI 14-1641 is correct, we turn to UJI 14-8005 NMRA to resolve the question of what instructions are properly required to be given to the grand jury.

**{7}** UJI 14-8005 provides a sample grand jury instruction involving the crime of burglary and addresses the proper presentation of definitional instructions for the grand jury in both the Use Note and committee commentary. Use Note 3 states that the grand jury "shall be given" the additional definitional instruction of a dwelling house contained in UJI 14-1631 NMRA, if "the charge is burglary of a dwelling house[.]" The Use Note specifically directs that this definitional instruction "shall be given" even though the elements instruction for burglary, set forth in UJI 14-1630 NMRA, does not independently define a "dwelling house." Thus, the sample instruction utilized by the Supreme Court in UJI 14-8005 requires that a completely separate UJI definitional instruction be given in order to properly instruct the grand jury regarding burglary of a dwelling house.

**{8}** In contrast to the sample provided in UJI 14-8005, the essential elements instruction for embezzlement specifically includes both of the definitions requested by Defendant as part of the instruction. *See* UJI 14-1641 (defining both "conversion" and "fraudulent intent" in the appropriate sections of the elements instruction). Thus, the prosecution in the present case did not need to go outside the essential elements instruction to include the definitions that the UJI 14-8005 Use Note apparently recognizes as "shall be given" to the grand jury.

**{9}** The committee commentary also supports a mandate to give the definitional instructions under UJI 14-1641. First, the commentary states that "[a]pplicable [UJIs] giving the essential elements of an offense *shall be prepared and presented* by the district attorney when the offense is being considered by the grand jury." UJI 14-8005 committee cmt. (emphasis added). It also states that "[i]f no uniform essential elements instruction is available for an offense, the prosecutor shall instruct the grand jury based on the applicable statute and shall give a copy of the statute or a written instruction derived from the statute to the grand jury for their consideration." *Id.* Finally, it states that "[a]ny other instructions, *such as definitions*, which are to be given with the essential elements instruction, *shall* also be prepared for the grand jury as required by law." *Id.* (emphasis added). Under the committee commentary, it is clear that the definitional instructions that are included within the essential UJI elements instruction for a crime shall be given to the grand jury. As a result, Defendant's first argument appears to correctly identify the current state of the law regarding the applicable UJIs' that are to be given to the grand jury.

3

**{10}** Without any citation to the UJIs or arguments that address the UJIs for grand jury proceedings, the State asserts that the statutory elements set forth in Section 30-16-8(A) are all that is required to be used when instructing the grand jury on a charge of embezzlement. Other than *State v. Rodarte*, 2011-NMCA-067, 149 N.M. 819, 255 P.3d 397, the relevant authorities cited by the State also predate the current version of UJI 14-8005 adopted by our Supreme Court in 2008. Although this Court previously addressed the need for definitional instructions to the grand jury, the case predates the current version of UJI 14-8005. *See State v. Augustin M.*, 2003-NMCA-065, ¶¶ 56-59, 133 N.M. 636, 68 P.3d 182 (addressing the need for a definitional instruction on proximate cause to the grand jury). In *Rodarte*, this Court only addressed the failure to give a definitional instruction during trial but the matter was raised under a fundamental error standard of review. 2011-NMCA-067, ¶¶ 7-11 (concluding that no fundamental error occurred when a definitional instruction on "intent to defraud" was not given for a conviction involving the refusal to return leased property). Our Supreme Court has not addressed the requirement for providing definitional instructions to the grand jury under UJI 14-8005, but it has previously held that certain definitional instructions are critical at trial, even under a fundamental error standard of review. *State v. Mascarenas*, 2000-NMSC-017, ¶¶ 17-21, 129 N.M. 230, 4 P.3d 1221 (recognizing that fundamental error occurred because the definitional instruction for the term "reckless disregard" was critical in order to prevent confusion by the jury and of central importance to the defense of the charge at trial).

**{11}** We determine that the State's reliance on *Rodarte* is misplaced. First, no UJI existed for the essential elements of the offense of fraudulently refusing to return leased property under NMSA 1978, Section 30-16-40(A)(3) (2006). *Rodarte*, 2011-NMCA-067, ¶ 4. The defendant in *Rodarte* proposed a jury instruction that included elements of the crime of fraud and the instruction was rejected. *Id.* ¶ 8. On appeal, the defendant then asserted a new argument—that it was error not to include a definitional instruction for "intent to defraud," a term that was part of the essential elements of the offense of fraudulently refusing to return leased property under Section 30-16-40(A)(3). *Rodarte*, 2011-NMCA-067, ¶ 4. Applying the general non-UJI approach taken from *State v. Barber*, 2004-NMSC-019, ¶ 19, 135 N.M. 621, 92 P.3d 633, this Court determined that a reasonable jury would not be confused or misdirected regarding the term "intent to defraud" and what it means. *Rodarte*, 2011-NMCA-067, ¶ 14. We also held that the definitional instruction for "fraudulently intended" in UJI 14-1641 did not translate into a mandatory requirement for the imposition of an "intent to defraud" definitional instruction under Section 30-16-40(A)(3). *Rodarte*, 2011-NMCA-067, ¶ 12. This analysis is consistent with established Supreme Court precedent for determining fundamental error where no UJIs exist. *Mascarenas*, 2000-NMSC-017, ¶ 20 (recognizing that only where a critical determination is involved will the failure to include a definitional instruction be akin to a missing elements instruction and constitute fundamental error). In the present case, a jury instruction does exist, UJI 14-1641, and the State has been instructed to use the applicable UJI when giving the elements instruction to the grand jury. UJI 14-8005.

**{12}** The unique and distinguishable circumstances in *Rodarte* do not convince this Court

to deviate from the Supreme Court's instructions in UJI 14-8005 and the accompanying committee commentary. As a result, UJI 14-1641 was required to be given to the grand jury in this case, including the definitional instructions for "fraudulent intent" and "conversion" that are part of this UJI. The failure to give the grand jury the proper instruction for embezzlement from UJI 14-1641 was error.

**CONCLUSION**

**{13}** For the foregoing reasons, we reverse the district court's denial of Defendant's motion to dismiss the grand jury indictment and remand for a dismissal of the indictment without prejudice.

**{14}   IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JONATHAN B.  SUTIN, Judge**

_____
**M. MONICA ZAMORA, Judge**

**Topic Index for *State v. Bradford*, No. 31,734**

**APPEAL AND ERROR**
Fundamental Error
Standard of Review

**CRIMINAL LAW**
Embezzlement

**CRIMINAL PROCEDURE**
Element of Offense
Grand Jury

**JURY INSTRUCTIONS**
Criminal Jury Instructions
Failure to Give or Request