This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                          NO.  32,440

**ANTHONY DURAN,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Olga Serafimova, Assistant Attorney General
Daniel F. Haft, Special Assistant Attorney General
Santa Fe, NM

for Appellant

M. Naomi Salazar, Attorney at Law
M. Naomi Salazar
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}     The State appeals the dismissal without prejudice of the grand jury indictment charging Anthony Duran (Defendant) with trafficking heroin by possession with intent to distribute and possession of drug paraphernalia. At issue on appeal is whether the indictment was defective because the grand jury instructions did not include a definition of the term "possession" and because the grand jury was given a general intent instruction, even though the crimes charged were specific intent crimes. As we conclude that there was no error in the grand jury instructions that warranted dismissal of the indictment, we reverse.

**I.    BACKGROUND**

{2}     The State sought a grand jury indictment based on the testimony of a detective who participated in the execution of a search warrant at Defendant's house. The detective testified that Defendant was found outside of his house with six grams of heroin and $2000 in cash in his pants pockets. Defendant told the officers that, just two hours earlier, he had sold a much larger quantity of heroin. Defendant stated that he uses heroin and also sells it. Defendant explained that he generally buys approximately two ounces of heroin at a time and divides it into grams in order to sell it because he can make a larger profit that way. He told the officers that they would

find $7000 in cash and a digital scale in the house. The officers found both the cash and scale inside the house.

{3} The State instructed the grand jury that, in order to return a true bill on the charge of trafficking, the grand jury must find that there was probable cause to believe Defendant (1) had a Schedule I or II narcotic drug in his possession, (2) knew that it was a controlled substance, and (3) intended to transfer it to another. The State instructed the grand jury that, in order to return a true bill on the charge of possession of drug paraphernalia, the grand jury must find that there was probable cause to believe that Defendant used, or possessed with intent to use, paraphernalia, to process or prepare a controlled substance.

{4} The State also instructed the grand jury that, in addition to the other elements of these crimes, the grand jury must find probable cause to believe that Defendant acted intentionally when he committed the crimes. The State explained that a person acts intentionally when he purposely does an act that the law declares to be a crime, even if the person does not know that his act is unlawful. The grand jury returned a true bill on both charges.

{5} Defendant moved to dismiss the indictment, arguing that the indictment was defective because the jury had not been given a definition of the term "possession." The district court granted the motion, and the State appealed. On appeal, we review

3

the district court's decision de novo. *State v. Bradford*, 2013-NMCA-071, ¶ 4, 305 P.3d 975.

**A.      Definition of "Possession" Was Not Required**

{6}      "A prosecutor has a duty to advise the grand jury of the essential elements of the charges presented." *Id.* (internal quotation marks and citation omitted). This Court recently extended that principle to hold that, when our Supreme Court has created a uniform jury instruction for an offense, all relevant portions of the instruction must be provided to the grand jury, including those portions of the instruction that require definitions of terms. *Id.* ¶¶ 5-9. In *Bradford*, we considered the question of whether a grand jury was properly instructed on the elements of the offense of embezzlement when it was not provided with the definitions of the terms "fraudulent intent" and "converted." *Id.* ¶ 1. *Bradford* held that the omission of the definitional sections that are otherwise required by a uniform jury instruction or its use notes renders the indictment defective. *Id.* ¶ 12.

{7}      Applying *Bradford* to this case, the indictment was defective only if the definition of "possession" was required by UJI 14-3111 NMRA, the uniform jury instruction on trafficking by possession with intent to distribute or its use notes.[1]

---

[1]Defendant states in his answer brief that he does not argue that an instruction on the definition of possession was required for the charge of possession of drug paraphernalia. Accordingly, we do not address this question.

4

However, UJI 14-3111 only requires that the definition of the term "possession" be given in certain instances. The text of the basic instruction does not include such a definition. The use notes provide that "UJI 14-3130, the definition of possession in controlled substance cases, should be given *if possession is in issue*." UJI 14-3111, Use Note 4 (emphasis added). Although, in one sense, possession is "in issue" in every case of possession with intent to distribute, since the element must be proven in order to obtain a conviction. However, this cannot be what the use note means because this is not what the use note requires. We conclude that our Supreme Court meant that the definition of possession would only be required where the facts make it unclear whether it was the defendant who possessed the controlled substance, such as in cases where the controlled substance was not on the person of the defendant. *See, e.g., State v. Barber*, 2004-NMSC-019, ¶¶ 11-12, 135 N.M. 621, 92 P.3d 633 (stating that the fact of possession was "in issue" when drugs were found in a motel bathroom to which the defendant and two other people had access, and the defendant stated that the drugs were not his). This is not such a case, and the standard is probable cause for the jury to believe the elements of the offense exist. Here, the heroin was found in the pocket of the pants that Defendant was wearing, which constitutes actual possession of the heroin. *See State v. Nevarez*, 2010-NMCA-049, ¶ 16, 148 N.M. 820, 242 P.3d 387 (stating that the term "'[a]ctual possession' means physical . . . control over property" (alteration, internal quotation marks, and citation

5

omitted)). Under these circumstances, there was no ambiguity about whether Defendant possessed the heroin that was found on his person, and the definitional instruction need not have been given.

**B.      General Intent Instruction Did Not Render the Indictment Invalid**

{8}      In the district court, Defendant also claimed that the indictment should be dismissed because the jury may have been confused by the general intent instruction because trafficking heroin by possession with intent to distribute is a specific intent crime. This Court has previously held, however, that it is not reversible error to provide a general intent instruction for a specific intent crime when a specific intent instruction is also given. *See State v. Stefani*, 2006-NMCA-073, ¶¶ 22, 27-29, 139 N.M. 719, 137 P.3d 659 (stating that this Court was reviewing the issue for simple reversible error, rather than for fundamental error, and there was no reversible error when a district court gave a general intent instruction in addition to the instructions on conspiracy to commit trafficking and possession of drug paraphernalia, each of which contains an element of specific intent).

**III.   CONCLUSION**

{9}      Because the grand jury instructions were proper, we reverse the dismissal of the indictment and remand for further proceedings.

{10}     **IT IS SO ORDERED.**

                              _____

                              **RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**LINDA M. VANZI, Judge**