This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                          **No. 31,928**

**PATRICK RICHARDSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant-Appellant Patrick Richardson (Defendant) appeals his convictions for  contributing to the delinquency of a minor (CDM) and fourth-degree criminal

sexual penetration of a minor (CSPM). We issued a notice of proposed summary disposition proposing to uphold the convictions. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

Defendant has raised a single issue, contending that the district court erred in denying his motion for a new trial. [DS 3; MIO 1-10] The motion was premised on claims of prosecutorial misconduct and/or ineffective assistance of counsel, based on an improvident decision by the defense to present Defendant's testimony that he had a prior felony conviction, when Defendant had in fact only been convicted of a misdemeanor.

In order to establish any basis for relief on a theory of prosecutorial misconduct or ineffective assistance of counsel, a showing of prejudice is required. *See State v. Martinez*, 2007-NMCA-160, ¶ 24, 143 N.M. 96, 173 P.3d 18 ("When there is no showing of prejudice, [a] claim of ineffective assistance of counsel must fail."); *State v. Velasquez*, 99 N.M. 109, 112, 654 P.2d 562, 565 (Ct. App. 1982) (stating that the defendant has the burden to show that prosecutorial misconduct was prejudicial). "Prejudice is shown when there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Schoonmaker*, 2008-NMSC-010, ¶ 32, 143 N.M. 373, 176 P.3d 1105 (internal quotation marks and citation omitted). In his memorandum in opposition Defendant asserts that his erroneous admission to a prior felony conviction was prejudicial. [MIO

5, 9] However, "[a]n assertion of prejudice is not a showing of prejudice[,]" and in this case we perceive no prejudice. *In re Ernesto M.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318.

As we previously observed, Defendant's convictions were supported by overwhelming and essentially uncontradicted evidence of guilt, including Defendant's own admissions. [DS 2; MIO 6-7, 9] The victim's consent appears to have been the only point of dispute. [DS 2] On this issue the jury found in Defendant's favor, insofar as it returned a guilty verdict on the lesser-included offense of CSP IV, rather than CSP II. [DS 2; MIO 6-7, 9; RP 103-05, 115] *See generally State v. Moore*, 2011-NMCA-089, ¶ 11, 150 N.M. 512, 263 P.3d 289 (observing that the consent of a statutorily defined child is not a defense to CSP IV), *cert. denied*, 2011-NMCERT-008, __ N.M. __, 268 P.3d 513. Under the circumstances, we conclude that the district court did not abuse its discretion in denying Defendant's motion for new trial. *See, e.g., State v. McDonald*, 1998-NMSC-034, ¶ 29, 126 N.M. 44, 966 P.2d 752 (holding that the district court did not abuse its discretion in denying a motion for new trial based on the incidental mention of unflattering character evidence, where there was overwhelming evidence of guilt, including the defendant's own testimony).

Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**CYNTHIA A. FRY, Judge**