This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

    Plaintiff-Appellee,

v.               **No. 34,878**

**JOSE IVAN FELIX,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Elizabeth Ashton, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**FRENCH, Judge.**

{1}     It is undisputed that Defendant Jose Ivan Felix, age nineteen, "hooked up" with I.G. (Victim) when she was just thirteen years old. What is disputed before this Court is whether there was sufficient evidence presented at trial to prove the element of "physical force" to sustain Defendant's conviction for one count of criminal sexual contact of a minor (CSCM), a fourth degree felony, contrary to NMSA 1978, Section 30-9-13(D)(1) (2003). After conviction, the district court entered a conditional discharge order. On appeal, Defendant argues that the State failed to present substantial evidence that "[D]efendant used physical force" in regard to the second element of the jury instruction, UJI 14-921 NMRA, or that the contact was "perpetrated with force" as required by the element contained in Section 30-9-13(D)(1). We affirm.

**I.     BACKGROUND**

{2}     By all accounts, Defendant and Victim met outside her mother's apartment. Defendant and Victim met through her brother and developed an attraction for each other. In what can only be described as a voluntary encounter, Defendant and Victim engaged in mutual touching, kissing, and hugging over the course of several hours. After purportedly touching Victim's body, and having his hand removed by Victim, to which Defendant complied, Defendant then "grabbed" Victim's hand and then engaged in "hand-guiding" her hand under Defendant's shorts, but over his underwear, and onto his erect penis. After a couple of seconds, Victim removed her

hand. Victim testified that she did not pull away from Defendant during the "hand-guiding," but when she felt his penis, she removed her hand. Each time that Victim moved Defendant's hand from an area of her body that she did not wish to be touched, Defendant did not resist his hand being removed. Victim also testified that she was not "threaten[ed]" or "scared" of Defendant, nor had he "made [her] do anything." Additional facts will be included as needed in the analysis that follows.

## II.    DISCUSSION

{3}    "Criminal sexual contact of a minor is the unlawful and intentional touching of or applying force to the intimate parts of a minor or the unlawful and intentional *causing* of a minor to touch one's intimate parts. For purposes of this section, 'intimate parts' means the primary genital area, groin, buttocks, anus or breast." Section 30-9-13(A) (emphasis added). Subsection (D) of the statute provides, "[c]riminal sexual contact of a minor in the fourth degree consists of all criminal sexual contact: (1) not defined in Subsection C [third degree] of this section, of a child thirteen to eighteen years of age *perpetrated with force* or coercion[.]" Section 30-9-13 (D)(1) (emphasis added).

{4}    Defendant argues there was insufficient evidence of physical force to sustain Defendant's conviction for fourth degree CSCM. In reviewing the sufficiency of the evidence used to support a conviction, we resolve all disputed facts in favor of the State, indulge all reasonable inferences in support of the verdict, and disregard

3

evidence and inferences to the contrary. *State v. Baca*, 1997-NMSC-059, ¶ 14, 124 N.M. 333, 950 P.2d 776. We review the evidence to determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. Under this standard, "[w]e view the evidence in the light most favorable to supporting the verdict and resolve all conflicts and indulge all inferences in favor of upholding the verdict." *State v. Hernandez*, 1993-NMSC-007, ¶ 68, 115 N.M. 6, 846 P.2d 312. We do not reweigh the evidence, nor substitute our judgment for that of the fact-finder, so long as there is sufficient evidence to support the verdict. *Sutphin*, 1988-NMSC-031, ¶ 21.

**{5}** "The sufficiency of the evidence is assessed against the jury instructions because they become the law of the case." *State v. Quinones*, 2011-NMCA-018, ¶ 38, 149 N.M. 294, 248 P.3d 336. To prove criminal sexual contact of a minor, the State had to prove each of the following elements of UJI 14-921. The State submitted Jury Instruction No. 5:

> For you to find [D]efendant guilty of criminal sexual contact of a minor as charged in Count 3, the [S]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> > (1)  [D]efendant caused [Victim] to touch the clothed penis of [D]efendant;
> >
> > (2)  [D]efendant used physical force or physical violence;

4

  (3) [Victim] was at least 13 but less than 18 years old;

  (4) This happened in New Mexico on or about the 16th day of June, 2013.

{6} The jury's determination that Defendant committed the crime of CSCM requires findings that Victim was at least thirteen but less than eighteen years old; that Defendant caused Victim to touch the clothed penis of Defendant; and that Defendant used physical force or physical violence. *See* § 30-9-13(D)(1); UJI 14-921.

{7} The State concedes there was no physical violence. Defendant specifically challenges whether the element of force was supported by sufficient evidence. In a concise and well-focused briefing, Defendant argues two points. First, that the evidence was insufficient to establish beyond a reasonable doubt that the "hand-guiding" was physical force. Second, that this movement of the hand by Defendant can not suffice for both "caused [Victim] to touch," under the first element of the instruction, and "used physical force[,]" under the second element of the instruction. UJI 14-921. We do not agree. Victim testified that the touching of Defendant's clothed penis was not volitional. Initially, Defendant grabbed Victim's hand. Subsequently, he placed it on his clothed penis. There were two physical actions that occurred: the grabbing of the hand (the causation element) and the guiding or moving of the hand (the force element). A reasonable jury could have concluded that there was substantial evidence for physical force after the hand grabbing. *See generally State v. Sparks*,

1985-NMCA-004, ¶¶ 6-7, 102 N.M. 317, 694 P.2d 1382 (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction); *State v. Gardner*, 2003-NMCA-107, ¶ 33, 134 N.M. 294, 76 P.3d 47 (recognizing that "[t]he testimony of the victims themselves provided the basis for all four convictions").

{8}    We acknowledge Victim's testimony that Defendant did not make her do anything, that she pulled her hand away and Defendant did not prevent her from doing so, and that the entire touching incident lasted less than three seconds. In our view, however, Defendant's act of "hand-guiding" Victim's hand in an involuntary manner to his clothed penis is in and of itself an act of "physical force," separate from grabbing the hand, regardless of whether Defendant prevented Victim from removing her hand.  We conclude that this evidence sufficiently satisfied the required element that Defendant used "physical force" to cause victim to touch his clothed penis.

{9}    Defendant argues that we should rely on *State v. Huff*, 1998-NMCA-075, 125 N.M. 254, 960 P.2d 342. We do not agree that *Huff* is analogous to the case before us. In that case, the victim was an adult, and the defendant's criminal sexual contact (CSC) conviction was premised on a finding that the defendant touched or applied force to the victim's breasts without the victim's consent. *Id.* ¶¶ 2-3. However, as is presently applicable, and as recognized in the committee commentary to UJI 14-921, the jury instructions for CSC of minors omit the "consent" requirement, because any

6

consent or lack thereof by a minor to an unlawful touching of a minor's intimate parts is legally irrelevant. *See*, *e.g.*, *State v. Moore*, 2011-NMCA-089, ¶ 10, 150 N.M. 512, 263 P.3d 289 (recognizing that "[u]nder the CSP IV statute, the law does not recognize the willingness of a child between the ages of thirteen and sixteen to engage in sexual intercourse with a twenty-nine-year-old man as vitiating his causing the intercourse to occur [because s]uch a child's consent is legally irrelevant" (internal quotation marks and citation omitted)).

{10}     Thus, any factual issue of consent was only relevant to Defendant's CSCM charge if it also convinced the jury that Victim voluntarily acted and the inappropriate touching occurred without any level of force by Defendant, something the jury was entitled to reject in this case. Regardless of the quantum of force used by Defendant or the level of Victim's resistance, we hold there was sufficient evidence to support every element of the conviction. *See State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 (noting that appellate courts "do[ ] not consider the merit of evidence that may have supported a verdict to the contrary" (internal quotation marks and citation omitted)). Based upon the Victim's testimony that she did not touch Defendant's penis of her own volition, the evidence of Defendant guiding Victim's hand provides sufficient support for the "physical force" element. We acknowledge that Defendant did respect Victim's wishes whenever she would remove his hand

7

during the encounter, and that he understood that "no means no." However, due to Victim's age, she was legally incapable of saying "yes" to the contact.

**III.    CONCLUSION**

{11}    We affirm Defendant's conviction.

{12}    **IT IS SO ORDERED.**

_____
**STEPHEN G. FRENCH, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**